# IN THE COURT OF APPEALS OF IOWA

No. 18-1466
Filed January 23, 2020

**CHARLES DEAN WHITE,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.

_____

Appeal from the Iowa District Court for Page County, Susan Christensen, Judge.

Charles White appeals the denial of his application for postconviction relief. **AFFIRMED.**

Jesse A. Macro Jr. of Macro & Kozlowski, LLP, West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., Mullins, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**CARR, Senior Judge.**

Charles White appeals the denial of his application seeking postconviction relief (PCR). He contends his trial counsel was ineffective by failing to impeach the complaining witness at trial using inconsistent statements she made during her deposition. White also contends the decision to limit the PCR hearing to that one issue resulted from error by the PCR court and ineffective assistance of his PCR counsel.

**I. Background Facts and Proceedings.**

In 2012, White was convicted of three counts of second-degree sexual abuse and one count of lascivious acts with a child. On direct appeal, White alleged his trial counsel was ineffective by failing to object to identical charges and marshaling instructions on the counts of sexual abuse and by failing to object to the State's closing argument. This court rejected both claims of ineffective assistance and affirmed his convictions. *See State v. White*, No. 12-1256, 2013 WL 4504896, at *3-5 (Iowa Ct. App. Aug. 21, 2013).

In 2014, White filed a PCR application alleging various claims of ineffective assistance of counsel. The State moved for summary judgment, which the PCR court granted. The court determined that all but one of White's PCR claims were barred because either (1) this court decided the issues on direct appeal or (2) White failed to provide a reason for failing to raise them on direct appeal. White claimed his trial counsel was ineffective by failing to impeach the complaining witness with her deposition testimony, and his appellate counsel's ineffectiveness in pursuing this issue provided sufficient reason for his failure to raise the claim on direct appeal. But on that issue, the PCR court found White could not show

prejudice because the deposition only revealed minor inconsistencies, which could not overcome the complaining witness's detailed descriptions of abuse, which was corroborated by multiple witnesses and the medical evidence.

White appealed the summary judgment ruling. He argued summary judgment was inappropriate because genuine issues of material fact existed, focusing his argument on the impeachment issue and asserting his right to depose trial and appellate counsel on that issue. The State conceded that the deposition contained "possible impeachment testimony" but argued White could not prevail on the claim given the strength of the evidence against him. This court rejected the State's argument, finding the conclusion was premature:

> We do not have the child's deposition in evidence. Nor does criminal trial counsel's affidavit address the contents of the deposition. While further inquiry may establish trial counsel's decisions were a reasonable strategy or there was no prejudice, the State has failed to carry its burden to prove there is no genuine issue of fact for trial.

*White v. State*, No. 15-1492, 2016 WL 4054000, at *2 (Iowa Ct. App. July 27, 2016). On this basis, we reversed the summary judgment ruling and remanded for further proceedings. *Id.*

The PCR court held a trial on the merits after remand. The only issue addressed during the trial and in the court's ruling was whether trial counsel was ineffective for failing to impeach the complaining witness with her deposition testimony. The PCR court found that White failed to show his trial counsel was ineffective on this basis and denied PCR.

**II. Scope and Standard of Review.**

We review the denial of a PCR application for correction of errors at law. *See Perez v. State*, 816 N.W.2d 354, 356 (Iowa 2012). If the trial court's fact

findings are supported by substantial evidence and it correctly applied the law, we affirm. *See id.* But when a PCR applicant alleges constitutional error such as ineffective assistance of counsel, our review is de novo. *See id.* We review the totality of the circumstances and the record on which the PCR court made its ruling. *See id.*

### III. Impeachment.

White first contends the PCR court erred in denying his PCR application because his trial counsel was ineffective in failing to impeach the complaining witness with her deposition testimony. To prevail on a claim of ineffective assistance of counsel, a defendant must show that (1) counsel failed to perform an essential duty and (2) prejudice resulted. *See Linn v. State*, 929 N.W.2d 717, 730 (Iowa 2019). In assessing counsel's performance, we measure it objectively under the prevailing professional norms to determine whether counsel acted competently. *See id.* at 731. To establish prejudice, a defendant must show a substantial probability that the result of the proceeding would have been different if counsel had performed competently. *See id.* We may affirm if either element is lacking. *See Lamasters v. State*, 821 N.W.2d 856, 866 (Iowa 2012).

The PCR court determined that the decision to refrain from impeaching the complaining witness directly with her deposition was a tactical one, not deficient performance by trial counsel. Trial counsel testified that he did not think it was necessary to use the deposition to impeach the complaining witness directly because the inconsistencies in her version of events were obvious from her testimony and the testimony of other witnesses. So rather than "getting technical

and pulling out a deposition and showing that she had changed her story," trial counsel used other means to question her about those inconsistencies.

We agree that counsel made a reasonable tactical decision to refrain from directly impeaching the complaining witness with her deposition. We will not second guess a reasonable tactical decision even though it does not succeed. *See Lamasters*, 821 N.W.2d at 866 . Because White has failed to show counsel performed below the standard of a competent practitioner, we affirm the denial of PCR on this ground.

**IV. Other Claims.**

The PCR court's ruling addressed no other ineffective-assistance claims that White raised in his PCR application. It appears the parties believed that our appellate decision reversed the summary judgment ruling only on the impeachment issue. Thus, White's PCR counsel did not present any evidence or argument on the other claims at the PCR trial. For the first time on appeal, White argues the PCR court erred by limiting the proceeding and its ruling to the impeachment issue.

To preserve error on an issue, a party must raise it in the district court and the district court must decide it. *See id.* at 862. If a party raises an issue and the district court fails to rule on it, the party must file a motion requesting a ruling to preserve the issue for appeal. *See id.* White did not argue the other ineffective-assistance claims at his PCR trial and failed to request a ruling on them. As a result, he cannot challenge the lack of a ruling on his other PCR claims for the first time on appeal.

White also alleges his PCR counsel was ineffective by failing to litigate or make a record on his other claims of ineffective assistance of counsel that he raised in his PCR application. But there is nothing in the record to explain PCR counsel's actions. And, as White concedes, "[w]hether or not any of these claims would be successful is unclear." Because the record is inadequate to allow us to decide whether counsel breached a duty and whether prejudice resulted, we cannot resolve this new claim on appeal. *See Goode v. State*, 920 N.W.2d 520, 526 (Iowa 2018) (declining to address new claim of ineffective assistance of PCR counsel raised for the first time on appeal when the parties conceded the record was inadequate).

**AFFIRMED.**