# IN THE SUPREME COURT OF IOWA

No. 17–0318

Filed November 16, 2018

**DEANDRE D. GOODE,**

Appellant,

vs.

**STATE OF IOWA,**

Appellee.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Des Moines County, John G. Linn, Judge.

A petitioner for postconviction relief seeks further review of a court of appeals decision that he did not have a constitutional right to the effective assistance of counsel in those proceedings. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**

Trent A. Henkelvig of Henkelvig Law, Danville, for appellant.

Thomas J. Miller, Attorney General, Bridget A. Chambers, Assistant Attorney General, Amy Beavers, County Attorney, and Patricia Lenzendorf, Assistant County Attorney, for appellee.

**CADY, Chief Justice.**

In this postconviction-relief (PCR) proceeding, the applicant claims postconviction counsel was ineffective in presenting evidence at the PCR hearing to support his claim of ineffective assistance of trial counsel. We primarily consider his request that the case be remanded to the postconviction court to give him an opportunity to present evidence to support the ineffective-assistance-of-postconviction-counsel claim because the record on appeal is inadequate for us to address the claim. We conclude remand is not available, and the ineffective-assistance-of-postconviction-counsel claim must be brought in a separate application for PCR. We vacate the decision of the court of appeals and affirm the decision of the district court.

## I. Background Facts and Proceedings.

The facts of this case resulted in the prosecution and conviction of DeAndre Goode for the crime of robbery in the second degree. Shortly before midnight on November 24, 2012, George Petree returned to his home from a local grocery store. As he ascended the concrete stairs leading from the sidewalk to his home, he caught a glimpse of an African-American male, later identified as DeAndre Goode, running towards him. Goode punched him in the face, and he fell to the ground. Goode continued to punch and kick Petree, who curled into a ball to protect himself. Two other men then joined Goode, and all three men continued the physical assault. One of the men announced he had a gun and wanted to shoot Petree. At that point, Petree begged him not to for the sake of his daughter and told them to take his money. The three men took Petree's jacket and wallet and ran from the scene. Petree's wallet contained his debit and credit cards, driver's license, social security card, and other miscellaneous items.

About a month after the robbery, one of the credit cards was used to make purchases online and at a Wal-Mart store. Someone also applied for a credit card online under Petree's name. Police were able to obtain surveillance video from Wal-Mart and identified Goode and two other individuals from the video.

Police officers obtained the Internet protocol address used for the online application after supplying a subpoena to the Internet provider. The Internet provider then gave police the street address connected to the address. The street address belonged to Goode. Goode admitted to being at Wal-Mart when the transactions occurred but denied any knowledge of the robbery. He claimed a friend purchased Petree's credit cards from a man selling them on the street.

Police officers subsequently created a photo lineup that included a photograph of Goode. Petree viewed the photo array and picked Goode out of the photo array as the man who initially punched him in the face. He indicated he was 100% positive in his selection.

The State charged Goode with robbery, and the case proceeded to a jury trial. Goode testified at trial that he was at his apartment watching television with his daughter and a friend on the night of the attack. He also claimed he posted various photos taken that day on Facebook around the time of the incident, thus establishing an alibi.

The jury found Goode guilty of second-degree robbery. The district court subsequently imposed judgment and sentence. It ordered Goode to serve ten years in prison with a mandatory minimum period of incarceration of seventy percent and to pay a $1000 fine.

Goode appealed from his conviction. We transferred the case to the court of appeals. It affirmed the judgment and sentence of the district court in July 2014.

Goode subsequently filed a pro se application for PCR. He sought to vacate his conviction based on newly discovered evidence. He claimed physical evidence exists of the Facebook posts he made on the night of the robbery and would show he was located at his apartment at the time of the robbery.

The district court appointed counsel to represent Goode in the postconviction proceeding, and his application eventually proceeded to a hearing before the district court on a stipulated record, without oral argument. The attorneys in the case, however, submitted written trial briefs. In his brief, Goode's counsel did not address the Facebook-alibi claim raised by Goode in his pro se application. Instead, his attorney argued in detail that Goode's trial counsel was ineffective for failing to challenge procedural defects in the photo array used to identify him as the assailant. The brief also argued appellate counsel was ineffective for failing to raise an ineffective-assistance-of-counsel claim based on the defects in the photo array. Additionally, Goode's postconviction counsel argued that the ineffective assistance of trial and appellate counsel prejudiced Goode because, without the photo identification, there was insufficient evidence to support the conviction.

The district court denied the PCR application in a written ruling filed in February 2017. First, it rejected the Facebook-alibi claim initially raised by Goode in his application as a ground to vacate the conviction. The district court found Goode failed to offer evidence to support the claim of the newly discovered evidence and failed otherwise to offer a reason for not raising the issue previously. Second, the district court rejected Goode's claim that his trial counsel provided ineffective assistance by failing to challenge the photo array. It also found the photo array was not suggestive. Finally, the district court found Goode's

appellate counsel was not ineffective for failing to raise the photo-identification issue on appeal because Goode was unable to demonstrate his trial counsel was ineffective.

On February 27, Goode filed this appeal from the district court's decision denying his application for PCR. The only issue raised on appeal pertains to the Facebook alibi. Goode argues the district court improperly dismissed his PCR application because his postconviction counsel failed to present physical evidence at the PCR hearing to support the Facebook-alibi claim and failed to argue the claim in his written brief. As a result, Goode claims on appeal that the actions of his counsel denied him his right to effective postconviction counsel under the United States Constitution and the Iowa Constitution. He asks that his PCR application be remanded to the district court for a new hearing.

We transferred the case to the court of appeals. It affirmed the decision by the district court. It rejected Goode's claim of ineffective assistance of postconviction counsel on the ground that it was framed as a constitutional right, not a statutory right. It held Goode had no constitutional right to PCR counsel and declined to address further the substance of his claim.

## II. Standard of Review.

"Generally, an appeal from a denial of an application for postconviction relief is reviewed for correction of errors at law." *Goosman v. State*, 764 N.W.2d 539, 541 (Iowa 2009). However, when an applicant claims ineffective assistance of postconviction counsel, our review is de novo. *Allison v. State*, 914 N.W.2d 866, 870 (Iowa 2018). Additionally, "when the applicant alleges constitutional error, review is de novo 'in light of the totality of the circumstances and the record upon

which the postconviction court's rulings [were] made.' " *Goosman*, 764 N.W.2d at 541 (quoting *Giles v. State*, 511 N.W.2d 622, 627 (Iowa 1994)).

Goode claims his postconviction counsel was ineffective for failing to include the alleged exculpatory Facebook evidence. Moreover, he claims the court of appeals' denial of his PCR petition is in direct conflict with the plain language of the Iowa Constitution. Because Goode alleges both a postconviction ineffective-assistance-of-counsel claim and a constitutional violation, our review of the matter is de novo.

**III. Analysis.**

We first address the decision of the court of appeals. While the legal landscape is far from developed, we acknowledge that the United States Supreme Court has not recognized a constitutional right to PCR counsel. *See Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S. Ct. 1990, 1993 (1987); *see also Coleman v. Thompson*, 501 U.S. 722, 755, 111 S. Ct. 2546, 2567–68 (1991) (holding modified by *Martinez v. Ryan*, 566 U.S. 1, 9, 132 S. Ct. 1309, 1315 (2012)); *see also Allison*, 914 N.W.2d at 872–82 (discussing the expansive history of United States Supreme Court right-to-counsel cases). Likewise, we have not yet recognized a right to PCR counsel under the Iowa Constitution. Instead, we have utilized the statutory right to postconviction counsel when an applicant presents a cognizable claim.[1] *See Dunbar v. State*, 515 N.W.2d 12, 14 (Iowa 1994); *see also Fuhrmann v. State*, 433 N.W.2d 720, 722 (Iowa 1988). Moreover, we have said that the statutory right to postconviction counsel implies a right to effective postconviction counsel in Iowa. *Dunbar*, 515 N.W.2d at 14 ("The right to counsel under [the

---

[1]In *Dunbar v. State*, we held Iowa Code section 663A.5, now codified at section 822.5, "gives the trial court discretion to appoint postconviction relief counsel" if an applicant presents a cognizable claim in the postconviction proceeding. 515 N.W.2d 12, 14 (Iowa 1994).

Iowa statute] 'necessarily implies that counsel be effective.' " (quoting *Patchette v. State*, 374 N.W.2d 397, 398 (Iowa 1985))).

The court of appeals determined Goode's claim was without merit because he framed his underlying claim of ineffective assistance of PCR counsel as a constitutional right. On that basis alone, it denied Goode's claim for relief.

Our appellate rules of procedure and judicial restraint expect claims raised on appeal be specific. *See State v. Tyler,* 867 N.W.2d 136, 166 n.14 (Iowa 2015) (indicating a "passing reference" in a brief is insufficient); *Hyles v. Garner*, 548 N.W.2d 864, 876 (Iowa 1996) ("[W]e will not speculate on the arguments [the claimant] might have made and then search for legal authority and comb the record for facts to support such arguments."). A party who fails to satisfy this standard risks waiving the issue. *See* Iowa R. App. P. 6.903(2)(*g*)(3) (providing that the failure to cite authority for an issue may be deemed a waiver). The requirement of specificity can be broad enough to encompass a specific identification of the source of the claim, as well as specificity of the underlying argument. *See State v. Hitz,* 766 P.2d 373, 375 (Or. 1988) (recognizing distinctions between raising an issue, identifying a source for a claim, making an argument, and discussing the importance of clearly presenting issues on appeal). Yet, overall, the requirement is one of fairness and does not value form over substance. Instead, it seeks to put the parties and the court on the same page so the claim of error will be fully understood and addressed on appeal.

In this case, the court of appeals placed form over substance. The source of the claim of ineffective assistance of counsel in this case was not an issue on appeal, and the State was not disadvantaged in any way by the manner in which Goode elected to frame his issue. In fact, both

parties agreed on appeal that Goode's postconviction counsel failed to offer any evidence at the postconviction hearing to support Goode's claim that his trial counsel was ineffective for failing to present physical evidence of the Facebook posts to show his physical location at the time of the robbery. As a result, Goode and the State only disagree on the outcome of this inaction. Goode argues the case must be remanded to the postconviction court to give him an opportunity to present the physical evidence in support of his claim. The State, on the other hand, argues the claim of ineffective assistance of counsel now raised on appeal is barred under the three-year statute-of-limitation period under Iowa Code section 822.3, and Goode cannot circumvent the bar by seeking to present the claim on remand in this case. Consequently, the source of the underlying right to effective postconviction counsel is not a contested issue, and any misidentification of the source in stating the claim on appeal is not a procedural infirmity that requires dismissal. We therefore proceed to address the claim presented on appeal by considering the State's argument that the claim is now barred by the statute of limitations.

Iowa Code section 822.3 establishes a three-year limitation period to bring a claim of PCR. It provides,

> All . . . applications [for postconviction relief] must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued. However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period.

Iowa Code § 822.3 (2015).

In *Allison,* we adopted a relation-back doctrine to the statutory period of limitation under section 822.3 when an applicant alleges in a second PCR proceeding brought outside the three-year time frame that

the attorney in the first PCR proceeding was ineffective in presenting the same claim as raised in the second proceeding.[2]  914 N.W.2d at 891. *Allison* involved a defendant convicted of three counts of sexual abuse. *Id.* at 867.  He filed his first PCR application, claiming his trial counsel was ineffective for not investigating alleged juror bias.  *Id.* at 869.  The district court denied the application after finding no evidence offered at the PCR hearing to prove the bias claim.  *Id.*  The defendant appealed and claimed "his PCR counsel did not properly investigate the claim of juror bias and, like his trial counsel, provided him with ineffective assistance."  *Id.*  This claim was denied on appeal, and the defendant filed a second PCR application, which fell outside the three-year time limitation under Iowa Code section 822.3.  *Id.* at 870.  We held,

> [T]he best approach is to hold that where a PCR petition alleging ineffective assistance of trial counsel has been timely filed per section 822.3 and there is a successive PCR petition alleging postconviction counsel was ineffective in presenting the ineffective-assistance-of-trial-counsel claim, the timing of the filing of the second PCR petition relates back to the timing of the filing of the original PCR petition for purposes of Iowa Code section 822.3 if the successive PCR petition is filed promptly after the conclusion of the first PCR action.

*Id.* at 891.  As a result, we departed from our earlier holding in *State v. Dible*, 557 N.W.2d 881 (Iowa 1996), *abrogated on other grounds by Harrington v. State*, 659 N.W.2d 509 (Iowa 2003).

Thus, as in *Allison,* a second PCR application in this case "alleging postconviction counsel was ineffective in presenting the ineffective-assistance-of-trial-counsel claim" would relate back to "the timing of the filing of the original PCR petition for purposes of Iowa Code section

---

[2]We recognize Goode has not yet filed a second PCR petition.  However, the basis of the State's argument is that because Goode's second PCR petition would be time-barred, he should not be allowed to develop the record on remand and effectively sidestep the time limitation.

822.3," if promptly filed. 914 N.W.2d at 891. Accordingly, the premise of the State's argument against remand on appeal is misplaced. Based on *Allison*, the statutory limitation period is not an impediment to pursuing a second PCR application relating to the claim in this case if promptly filed following the appeal.

Nevertheless, remand in this case is contrary to the symmetry of our appellate process and our role as a court of review. As a general rule, we do not address issues presented on appeal for the first time, and we do not remand cases to the district court for evidence on issues not raised and decided by the district court. *See Plowman v. Fort Madison Cmty. Hosp.*, 896 N.W.2d 393, 413 (Iowa 2017) ("A supreme court is 'a court of review, not of first view.' " (quoting *Cutter v. Wilkinson*, 544 U.S. 709, 718 n.7, 125 S. Ct. 2113, 2120 n.7 (2005))); *see also Felderman v. City of Maquoketa*, 731 N.W.2d 676, 679 (Iowa 2007) ("Ordinarily we do not decide an issue on appeal that was not raised by a party or decided by the district court."). We carved out an exception to this rule, however, for claims of ineffective assistance of trial counsel raised for the first time on appeal. *State v. Scalise*, 660 N.W.2d 58, 61 (Iowa 2003) (finding we recognize this exception "because as a practical matter these claims are not made by attorneys against their own actions"). We will decide these claims on direct appeal when the appellate record is adequate. *State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012). The rationale for this exception is based on expediency, and the exception applies only when no prejudice would result to any party. *Cf. State v. Kellogg*, 263 N.W.2d 539, 544 (Iowa 1978) (balancing the ineffective-representation claim, raised after trial, in light of seriousness of defendant's conviction and state's lack of opportunity to thresh out ineffective-representation issue in district court).

In this appeal, the issue raised by Goode was not an issue raised and decided in the district court. It was a new issue alleging ineffective assistance of *postconviction* counsel. Goode claims his postconviction counsel was ineffective for failing to support his claim of ineffective assistance of trial counsel at the postconviction hearing in district court with physical evidence of the posts he made on Facebook that would corroborate his alibi. Without this evidence, and more, the parties acknowledge the record on appeal is inadequate to address the new claim of ineffective assistance of postconviction counsel. *See State v. Rubino*, 602 N.W.2d 558, 563 (Iowa 1999) (declining to address four of five ineffective-assistance claims on direct appeal when "the challenged actions of counsel implicate trial tactics or strategy which might be explained in a record fully developed to address those issues"). Thus, the exception we have made to our general rule, that otherwise limits appellate review to issues raised and decided in the district court, does not apply. The exception serves to achieve a prompt and fair resolution of the claim without the time and expense of a new district court proceeding. Remand, however, would not eliminate the time and expense of a new district court proceeding. Accordingly, we decline to remand claims of ineffective assistance of postconviction counsel raised for the first time on appeal to the district court to hear and decide. Instead, the claims must be filed as a separate application in district court.

We affirm the decision of the district court. In the context of the issues submitted to the district court in the postconviction hearing, no error occurred. The request made on appeal to remand the case to the postconviction court fails not because of the statute of limitations governing claims of ineffective assistance of counsel, but the rules

governing our appellate process. The applicant must assert his claim of ineffective assistance of postconviction counsel raised on appeal in a separate application for PCR.

### IV. Conclusion.

Having considered all claims raised on appeal, we vacate the decision of the court of appeals and affirm the decision of the district court.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**