**IN THE COURT OF APPEALS OF IOWA**
No. 17-0696
Filed February 6, 2019

**MUHAMMAD Y. HAMEED,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Scott County, Thomas G. Reidel,

Judge.


        Muhammad Hameed appeals from the denial of his application for

postconviction relief.  **AFFIRMED.**



        Nathan Legue of Legue Law, P.C., Davenport, for appellant.

        Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney

General, for appellee State.



        Considered by Doyle, P.J., Mullins, J., and Gamble, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**GAMBLE, Senior Judge.**

Muhammad Hameed appeals from the denial of his application for postconviction relief (PCR), contending his criminal trial counsel was ineffective in a number of respects. The PCR court considered the record, heard testimony from a number of witnesses and received additional evidence, and carefully considered each of Hameed's claims, finding them be without merit or non-prejudicial. On our de novo review, we conclude Hameed's counsel was not ineffective in his representation, and we affirm.

We have previously set out the underlying facts resulting in Hameed's conviction for third-degree sexual abuse, and we need not repeat them here. *See State v. Hameed*, No. 12-1630, 2013 WL 3458095, at \*1-2 (Iowa Ct. App. July 10, 2013). This court noted Hameed admitted having sexual intercourse with the complaining witness, and we found substantial evidence existed to support the jury's finding the sex act was committed by force or against the will of the complainant. *Id.* at \*4-6. Our supreme court denied further review.

Hameed filed a PCR application. The facts of the PCR proceeding revealed Hameed was the manager of an adult club in Davenport, Iowa, known as the Chorus Line. The complaining witness and a friend came to the club in March 2011 to attend a Mardi Gras party. An employee refused to serve alcohol to the complaining witness because she was under the legal drinking age. As an employee was escorting her out of the club, Hameed invited the complaining witness and her friend to the back room. At the criminal trial, the complaining witness and her friend testified that Hameed gave them each a shot of an unknown substance and they blacked out shortly thereafter. The State alleged the

complaining witness became incapacitated and Hameed had sex with her in the back room by force and against her will.

During the investigation, the police seized the club's computer tower containing surveillance video. The police copied four hours of the surveillance video from several camera angles onto a thumb drive and returned the computer to Hameed. The copied video captured the complaining witness entering the club apparently unimpaired and stumbling out of the club with the assistance of a man an hour and seventeen minutes later.

The police produced an edited version of the surveillance video on a DVD for use at trial. The edited version included clips of the complaining witness entering and leaving the club. The State produced a copy of the DVD for Hameed's first attorney. Hameed dismissed his first attorney, and new counsel appeared.[1] Hameed's new trial counsel reviewed the DVD. Trial counsel was satisfied and did not seek production of the entire surveillance video. The PCR court found that counsel breached a duty in not attempting to view the entire surveillance video. However, the court concluded Hameed had not established prejudice.

Hameed claimed the complaining witness was not intoxicated and came on to him in the back room. He claimed the sex was consensual. His trial counsel believed the clips of the surveillance video on the DVD supported Hameed's version of events. Hameed's trial counsel was an experienced criminal defense

---

[1] Trial was originally set for November 7, 2011, but was rescheduled for December 19. On December 12, the State sought a continuance. Trial was rescheduled for February 6, 2012. On February 6, 2012, Hameed asked that his first attorney withdraw, and trial was continued. New counsel appeared for Hameed on February 17, and trial was rescheduled and eventually held on July 9, 2012.

attorney. He settled on a trial strategy based on the theory that the complaining witness was not intoxicated when she entered the club and the back room, she was capable of consent, she consented to sex with Hameed, and she became intoxicated after the sex act and before she left the club. Trial counsel chose not to pursue other avenues and did not call witnesses that did not support this theory of the case.

Hameed claims that upon the return of the computer tower all the surveillance video was deleted. He asserts the police destroyed the full surveillance video. However, Hameed did not have a forensic expert examine the hard drive. He put it back into service and recorded over it. Hameed does not know what was on the surveillance video and cannot say how it would have helped his defense. The police deny destroying the surveillance video. The evidence presented on this issue at the PCR trial would not support a spoliation instruction.[2]

With respect to Hameed's claims that counsel did not call defense witnesses, one of the potential witnesses, Jillian Caves, testified at the PCR trial. Trial counsel testified he chose not to call her at the criminal trial because he did not believe her testimony would assist the defense.

Hameed wanted expert testimony about possible alcohol blackouts and the effects of the prescription drug Adderall. There was nothing presented that would show the complainant had taken Adderall.

---

[2] "A spoliation instruction is 'a direction to the jury that it [may] infer from the State's failure to preserve [evidence] that the evidence would have been adverse to the State.'" *State v. Hartsfield*, 681 N.W.2d 626, 630 (Iowa 2004) (quoting *State v. Vincik*, 398 N.W.2d 788, 795 (Iowa 1987)).

Hameed was a manager of the Chorus Line. He was not the owner. The Chorus Line was involved with litigation against the city over its permit to have an adult business at its location. Hameed argues the police pursued his criminal conviction in retaliation for the ongoing civil litigation. Hameed called two attorney witnesses about that litigation, but the PCR court found there was no credible evidence the criminal action was related.

At the criminal trial, the complaining witness testified she never returned to the club because she had been sexually assaulted there by Hameed. Hameed's counsel called photographer Robert Griffin as a witness. Griffin took photographs of the complaining witness's fresh tattoo at the Mardi Gras party in March 2011. He also took a picture showing she attended a Halloween party at the club in October 2011—the same tattoo can be seen on the complainant's shoulder. Trial counsel introduced the photos into evidence but did not pursue further impeachment or argument on this point. The court found trial counsel could have been more aggressive in impeaching the testimony of the complaining witness concerning her appearance at the club in October. However, the court concluded trial counsel was otherwise effective and any shortcomings did not prejudice Hameed. The court denied Hameed's PCR application.

On appeal, Hameed asserts the court erred in concluding his trial counsel was not ineffective in (1) failing to pursue missing surveillance video from the club, (2) failing to call several defense witnesses who were available, (3) failing to develop expert testimony regarding the complaining witness's intoxication, (4) failing to explore Hameed's claims of wrongful and retaliatory prosecution, and (5)

failing to properly emphasize evidence controverting the complaining witness's testimony that she did not return to the club after the sex act in March 2011.

We conduct a de novo review of claims of ineffective assistance of counsel. *Goode v. State*, 920 N.W.2d 520, 525 (Iowa 2018). We give weight to the trial court's findings, especially as they pertain to the credibility of witnesses, but are not bound by them. Iowa R. App. P. 6.904(3)(g).

To prevail on a claim of ineffective assistance of counsel, the applicant must demonstrate both (1) counsel's deficient performance and (2) prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001). On the first prong, "the applicant must demonstrate the attorney performed below the standard demanded of a reasonably competent attorney." *Ledezma*, 626 N.W.2d at 142. We "begin with the presumption that the attorney performed competently" and "avoid second-guessing and hindsight." *Id.* Strategic decisions made after a reasonable investigation are rarely assailable. *Id.* at 142-43. If a breach of duty is established, the applicant must also "demonstrate 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* at 143 (quoting *Strickland*, 466 U.S. at 693).

Upon our de novo review, we agree with the PCR court's findings, which are supported by the record, and its reasonable conclusions. The court found Hameed and his trial counsel had arrived at a trial strategy that the complainant was able to consent to sex but then became intoxicated after the sex act. The court specifically found the testimony of trial counsel—with respect to the information shared with Hameed and the strategic decisions made—was more

credible than Hameed's. We agree that counsel's strategic decisions were reasonable. Hameed has failed to establish his claim of ineffective assistance of counsel.

The PCR court found that trial counsel breached an essential duty in failing to watch the entire surveillance video covering the entire time the complaining witness was in the club. However, we agree with the PCR court's conclusion that Hameed's assertion that the entire video would have aided his defense was speculative. The edited video introduced into evidence by the State supported defense counsel's theory that the complaining witness was sober when she entered the club and was capable of consent when the sex act occurred. The video also supported the contention that the complaining witness required assistance when she left the club indicating she became intoxicated after the sex act. Hameed failed to prove prejudice.

Hameed failed to prove his trial counsel breached an essential duty in other ways alleged by Hameed. The witnesses Hameed claims his trial counsel should have called would have undermined the defense theory that the complaining witness was not intoxicated when the sex act occurred. Further, trial counsel exercised reasonable judgment in making the strategic decision that an expert on intoxication was not necessary as the issue of whether the complaining witness was intoxicated at the time of the sex act was within the common knowledge of jurors, and there was no evidence that she used Adderall.

Hameed's trial counsel introduced photographic evidence showing the complaining witness returned to the club in October 2011. This contradicted her testimony that she did not return to the club after the assault. The jury could

reasonably have considered this evidence in evaluating the credibility of the complaining witness. It was not necessary for trial counsel to hammer further on this point.

The evidence did not support the theory that the State's prosecution of Hameed for sexual abuse was in retaliation for the City of Davenport's zoning dispute with the owner of the club Hameed managed. Trial counsel made a reasonable strategic decision that pursuing an unsupported claim of retaliatory prosecution would have distracted the jury from the central defense theory—that the complaining witness was not intoxicated and consented to the sex act.

Finally, after our de novo review, we cannot conclude there is a reasonable probability that, but for the alleged unprofessional errors of trial counsel, the outcome of the trial would have been different. We have confidence in the outcome. Hameed failed to prove prejudice. *See Ledezma*, 626 N.W.2d at 142.

**AFFIRMED.**