# IN THE COURT OF APPEALS OF IOWA

No. 18-0985
Filed August 7, 2019

**DAVID RAY HAWKINS,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Marion County, Dustria A. Relph,

Judge.

David Ray Hawkins appeals from the summary dismissal of his application

for postconviction relief. **AFFIRMED.**

Cathleen J. Siebrecht of Siebrecht Law Firm, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney

General, for appellee State.

Considered by Mullins, P.J., Bower, J., and Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**BOWER, Judge.**

David Ray Hawkins appeals from the summary dismissal of his application for postconviction relief (PCR). He does not contest that his PCR application was filed outside the three-year limit of Iowa Code section 822.3 (2017). Rather, he asserts his PCR attorney was ineffective in failing to investigate and present specific new facts that could not have been raised within the applicable time period, which would allow the filing of the claim after the three-year limitation. He also asserts PCR counsel failed to investigate a claim of actual innocence.

There is nothing in this record from which we can analyze a claim of ineffective assistance of PCR counsel. The claim must be asserted in a separate PCR application. *Goode v. State*, 920 N.W.2d 520, 527 (Iowa 2018) ("[W]e decline to remand claims of ineffective assistance of postconviction counsel raised for the first time on appeal to the district court to hear and decide. Instead, the claims must be filed as a separate application in district court."). We therefore affirm.

**AFFIRMED.**