# IN THE COURT OF APPEALS OF IOWA

No. 19-1702
Filed August 5, 2020

**JACK LEROY LOSEE, JR.,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Samantha Gronewald, Judge.

The applicant seeks postconviction relief based on claimed ineffective assistance of trial counsel, appellate counsel, and counsel in four prior postconviction-relief proceedings. **AFFIRMED**.

Karmen Anderson of Anderson & Taylor, P.L.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., and Mullins and Ahlers, JJ.

**AHLERS, Judge.**

Jack Leroy Losee Jr. was convicted of committing two execution-style murders in 1982 and sentenced to life in prison. He appealed. Our supreme court rejected his claims, which included ineffective-assistance-of-counsel claims, and affirmed his convictions. *State v. Losee*, 354 N.W.2d 239, 245 (Iowa 1984).[1]

Since procedendo issued from his direct appeal in 1984, Losee has filed five postconviction-relief (PCR) applications. The first, filed in 1985, was dismissed by his attorney as frivolous. The second, filed in 2002, also resulted in dismissal of the application.

In his third application, filed in 2005, Losee alleged newly-discovered evidence. Alternatively, he argued if the evidence was found not to be newly-discovered, his trial counsel was ineffective in not presenting the evidence at trial. The district court found the evidence was not newly discovered and Losee's claims were time-barred.[2] The district court's decision was affirmed by our court. *Losee v. State*, No. 15-0162, 2016 WL 1688658, at *1 (Iowa Ct. App. Apr. 27, 2016).

Losee filed his fourth PCR application in 2017. It was dismissed as time-barred via an order issued by the district court on July 13, 2017. More than thirteen months later, Losee filed his fifth PCR application, which initiated this case. Losee sought relief based on claims of actual innocence and ineffective assistance of trial counsel, appellate counsel, and all counsel involved in his four prior PCR cases.

---

[1] The details of the case are set forth in the supreme court's decision and will not be repeated in detail here.

[2] Iowa Code section 822.3 (2005) required an application for PCR to "be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued."

The State sought summary disposition, pursuant to Iowa Code section 822.6 (2018), on the basis that Losee's claims were time-barred, pursuant to Iowa Code section 822.3.  The district court granted the State's motion and dismissed Losee's application.   Losee appeals, arguing his claims are not time-barred based on *Allison v. State*, 914 N.W.2d 866 (Iowa 2018).[3]

## I.        Standard of Review and Legal Standards.

We review summary-disposition rulings in PCR proceedings for legal error. *Schmidt v. State*, 909 N.W.2d 778, 784 (Iowa 2018).   Summary disposition is appropriate if "there is no genuine issue of material fact and . . . the moving party is entitled to a judgment as a matter of law."  *Id.* (ellipsis in original) (quoting *Davis v. State*, 520 N.W.2d 319, 321 (Iowa Ct. App. 1994)); *see also* Iowa R. Civ. P. 1.981(3).  The record is viewed "in the light most favorable to the nonmoving party," and we "draw all legitimate inferences from the evidence in favor of the nonmoving party."  *Schmidt*, 909 N.W.2d at 784.

"Generally, an appeal from a denial of an application for postconviction relief is reviewed for correction of errors at law."  *Nguyen v. State*, 878 N.W.2d 744, 750 (Iowa 2016) (citation omitted).   However, because ineffective-assistance-of-counsel claims are based on the constitutional guarantees of the effective assistance of counsel found in the Sixth Amendment of the United States

---

[3] On appeal, Losee makes only a passing reference to his actual innocence claim that was dismissed by the district court.  Due to his failure to adequately address this issue, we consider the issue waived.  *See Goode v. State*, 920 N.W.2d 520, 524 (Iowa 2018) (holding failure to clearly identify an issue constitutes waiver); *State v. Vaughan*, 859 N.W.2d 492, 503 (Iowa 2015) (holding failure to make an argument in support of an issue constitutes waiver); *State v. Tyler*, 867 N.W.2d 136, 166 n.14 (Iowa 2015) (noting a "passing reference" in a brief constitutes waiver).

Constitution and Article I, section 10 of the Iowa Constitution, such claims are reviewed de novo. *Id.*

To prevail on a claim of ineffective assistance of counsel, Losee must make two showings: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "[Losee] has the burden of proof to establish by a preponderance of the evidence that counsel rendered ineffective assistance." *State v. Aldape*, 307 N.W.2d 32, 42 (Iowa 1981).

## II. Relation-Back of Ineffective-Assistance-of-Counsel Claims.

Ordinarily, a PCR applicant must file "within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." Iowa Code § 822.3. Losee does not argue he filed his application within this three-year window. Instead, he relies on the "relation back" doctrine set forth in *Allison*, 914 N.W.2d at 891.

In *Allison*, our supreme court recognized an exception to the three-year limitation period set forth in Iowa Code section 822.3 in limited circumstances. *See* 914 N.W.2d at 891. The supreme court set forth this exception as follows:

> [W]here a PCR petition alleging ineffective assistance of trial counsel has been timely filed . . . and there is a successive PCR petition alleging postconviction counsel was ineffective in presenting the ineffective-assistance-of-trial-counsel claim, the timing of the filing of the second PCR petition relates back to the timing of the filing of the original PCR petition . . . if the successive PCR petition is filed *promptly* after the conclusion of the first PCR action.

*Id.* (emphasis added).

Before proceeding to the merits of Losee's relation-back claims, we will first address two issues mentioned by the district court and/or raised in the parties'

briefs. The first relates to a statutory amendment. During the 2019 legislative session, Iowa Code section 822.3 was amended to include a statement that "[a]n allegation of ineffective assistance of counsel in a prior case under this chapter shall not toll or extend the limitation periods in this section nor shall such claim relate back to a prior filing to avoid the application of the limitation periods." 2019 Iowa Acts ch. 140, § 34. This amendment appears to be designed to supersede *Allison*. It became effective July 1, 2019, and the State's motion for summary disposition and the district court's order granting that motion were both filed after that effective date. We need not decide whether this amendment applies in this case, as we reject Losee's claim even if *Allison* applies.

The second issue relates to the fact that this is Losee's fifth PCR application, whereas *Allison* addresses a second PCR application relating back to a first application. *See* 914 N.W.2d at 891. The State argues this difference distinguishes *Allison* such that *Allison* does not apply. Losee argues *Allison* applies to any successive PCR application, regardless of how many prior applications have been filed, especially when the allegation is that all prior PCR counsel was ineffective. We need not resolve this dispute either, as we reject Losee's claim based on the requirements of *Allison* regardless of the fact this is Losee's fifth application.

Turning to application of the principles set forth in *Allison*, we reject Losee's claims. There is no dispute the current PCR application was filed outside the three-year limitation period. The principle of tolling via relation back set forth in *Allison* does not save the application in this case.

For the *Allison* relation-back doctrine to apply, at least two requirements need to be satisfied: (1) the prior application to which the successive filing relates back must be timely filed; and (2) the successive application must be filed promptly after the conclusion of the prior application. *Id.* We note it is not entirely clear whether Losee is claiming this fifth PCR application relates back to his first, second, third, or fourth PCR applications, or some combination thereof. Regardless of which prior application to which Losee seeks to have this application relate back, his claims are time-barred for failure to meet one or both of the above-referenced requirements.

Looking at the first requirement that the prior filing to which the successive filing relates back must be "timely filed," Losee's second, third, and fourth applications were not "timely filed" within the three-year period. *See* Iowa Code § 822.3. So, even if Losee's current application related back to any of those applications, it would not meet this requirement.

Moving on to the second requirement that the successive filing must be "filed promptly" after the conclusion of the prior action, this court has held that a six-month delay in filing a successive PCR application does not meet the "filed promptly" requirement of *Allison*. *See, e.g.*, *Polk v. State*, No. 18-0309, 2019 WL 3945964, at *1–2 (Iowa Ct. App. Aug. 21, 2019) (noting the applicant "does not argue with any detail how the timing of his second petition satisfied [the filed-promptly] standard"). Here, Losee's application was filed thirty-three years after conclusion of his first application, sixteen years after conclusion of his second application, two years after conclusion of his third application, and nearly fourteen months after conclusion of his fourth application. He offers no specific explanation

for any of these gaps between applications to support a "filed promptly" finding. Therefore, no matter which of these applications to which Losee seeks to relate back, Losee's application was not "filed promptly."

For these reasons, the district court was correct in dismissing Losee's claims as being time-barred.

**AFFIRMED.**