# IN THE COURT OF APPEALS OF IOWA

No. 19-2149
Filed November 4, 2020

**JUAN ALBERTO FLORES,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Webster County, Colleen D.

Weiland, Judge.

Juan Flores appeals the denial of his application for postconviction relief.

**AFFIRMED.**

Richard Hollis, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant

Attorney General, for appellee State.

Considered by Doyle, P.J., and Mullins and Greer, JJ.

**DOYLE, Presiding Judge.**

Juan Flores appeals the denial of his application for postconviction relief (PCR) after pleading guilty to second-degree robbery in 2016. Flores never moved in arrest of judgment and thus waived a direct challenge to any defect in the plea proceedings. *See* Iowa R. Crim. P. 2.24(3)(a); *State v. Straw*, 709 N.W.2d 128, 132 (Iowa 2006). Instead, Flores directly appealed his conviction, claiming his failure to move in arrest of judgment resulted from ineffective assistance of his trial counsel. *See Straw*, 709 N.W.2d at 133 (stating that a defendant is not barred from challenging a guilty plea if the failure to move in arrest of judgment resulted from ineffective assistance). In *State v. Flores*, No. 16-0663, 2017 WL 706323, at *1 (Iowa Ct. App. Feb. 22, 2017), this court affirmed his conviction but preserved his ineffective-assistance claim for PCR.[1]

In 2018, Flores filed a PCR application asking the court to vacate his conviction, raising several claims of ineffective assistance of counsel. The PCR court denied the application after finding Flores failed to prove his claims. On appeal, Flores claims the PCR court erred because his trial counsel was ineffective by failing to ensure he understood the mandatory minimum sentence and his constitutional right to confront and cross-examine witnesses against him. He also

---

[1] Flores raised two claims of ineffective assistance of counsel on direct appeal. Because the record was inadequate to address the prejudice prong of his claim regarding the alleged failure to inform him of his right to cross-examine witnesses, we preserved it for PCR. *Flores*, 2017 WL 706323, at *1. But we found Flores failed to show his trial counsel breached an essential duty by failing to ensure he was properly informed of the mandatory minimum sentence. *Id.* Flores resurrected his claim about the mandatory minimum sentence in his PCR application, and the PCR court addressed its merits based on other evidence presented at the PCR trial unavailable on direct appeal.

argues his trial counsel was ineffective by failing to advise him regarding a possible change to the robbery statute.

We review ineffective-assistance claims de novo. *See Straw*, 709 N.W.2d at 133. To succeed on a claim of ineffective assistance of counsel, a defendant must show counsel breached a duty and prejudice resulted. *See id.* A defendant must prove both elements by a preponderance of the evidence. *See id.* A breach of duty occurs when counsel's performance falls below the standard of a reasonably competent attorney. *See id.* Prejudice results when "there is a reasonable probability that, but for counsel's errors, [a defendant] would not have pleaded guilty and would have insisted on going to trial." *Id.* at 138.

We begin with Flores's claim that he was not adequately informed about the mandatory minimum sentence. "Before accepting a plea of guilty, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands . . . [t]he mandatory minimum punishment, if any, . . . provided by the statute defining the offense to which the plea is offered." Iowa R. Crim. P. 2.8(2)(b)(2). At the guilty plea hearing, the prosecutor restated the plea agreement: "Pursuant to that plea agreement, the Defendant will be sentenced to a period not to exceed ten years to the Department of Corrections. Again, pursuant to 902.12(5), there is a seventy percent mandatory minimum period of incarceration." The court reiterated the sentence during the colloquy with Flores, informing him that he "could be sent to prison for up to ten years" and that pleading guilty to a forcible felony "requires that a seventy percent of the term be served." Flores stated he was aware of this. But before sentencing, Flores later wrote his attorney stating he wanted to withdraw his guilty plea

because he thought "7 straight years at this point in my life is like a life sentence." Counsel moved in arrest of judgment stating that Flores "was not fully aware of the sentencing consequences of this plea." But Flores withdrew the motion before sentencing, and the court sentenced Flores to "a term not to exceed ten years in prison with a requirement that you are not eligible for parole until you've served that mandatory minimum of 70 percent."

Flores complains that when he entered his guilty plea, "he did not understand that the requirement [he] serve seventy percent of a ten year sentence meant he had to serve seven years in prison before he would become eligible for parole." Although Flores concedes that his letter to his attorney shows he understood that he would have to serve seven years in prison before he could be released on parole, he notes that he wrote the letter *after* the plea proceeding. Even assuming Flores was unaware of this when he entered his plea, Flores had a chance to challenge this deficiency. In fact, he alerted his counsel of his wish to withdraw his plea, and his counsel moved in arrest of judgment on that basis. But Flores chose to withdraw that motion before the sentencing hearing and proceed to sentencing. He cannot now claim that his trial counsel was ineffective for allowing him to plead guilty based on a deficiency in the plea proceedings on the minimum sentence when he withdrew a motion in arrest of judgment challenging the plea on this basis.

We next turn to Flores's claim he was never informed of his right to confront and cross-examine witnesses. *See* Iowa R. Crim. P. 2.8(2)(b)(4). On direct appeal, and here, the State concedes the undisputed evidence shows the trial court failed to fully advise Flores of this right. *See Flores*, 2017 WL 706323, at *1.

Flores argues he was prejudiced by this failure because a witness could testify about his drinking and level of intoxication before the robbery occurred. The PCR court denied Flores's claim after determining Flores could not show he was prejudiced by this failure because "[n]othing in the record indicates that witness . . . would have mitigated the State's evidence." The PCR court found the witness's testimony would have been cumulative to Flores's own testimony. It also noted that Flores and his attorney "had already considered and rejected an intoxication defense," which the court found to be a wise decision given the slim chance Flores had at success using such a defense based on the evidence of Flores's specific intent. That evidence shows Flores passed a note to a bank teller on which he had written, "This is a bank robbery. Put the money in the bag. I have a gun so don't do nothing stupid." Given the evidence of his specific intent to commit a theft, we agree that Flores has failed to show prejudice.[2]

Finally, we address Flores's claim that his trial counsel was ineffective by failing to advise him of a bill passed by the Iowa House of Representatives four days before the March 2016 plea hearing, which he believes would have led to a lesser sentence. Flores acknowledges that the law did not take effect until after his sentencing. He argues that if counsel had informed him of the possible change in the law, he could have continued his proceedings until after July 1, when the new law went into effect.

---

[2] Flores argues in the alternative that counsel's breach caused structural error. *See Arizona v. Fulminante*, 499 U.S. 279, 310 (1991). Flores never raised this argument before the PCR court and has therefore failed to preserve it for our review. *See Goode v. State*, 920 N.W.2d 520, 526 (Iowa 2018) (noting "we do not address issues presented on appeal for the first time").

In denying Flores's claim, the PCR court noted that the bill was not final until May 4 and not signed by the governor until May 12. It also observed that Flores's trial counsel never gave Flores incorrect information about the current state of the law. The PCR court pointed out the folly in Flores's argument:

> Legislation, even when it passes unanimously in one chamber, does not follow a certain path. Much legislation dies and when it does not, it often passes in a significantly modified form. This court concludes that trial counsel is not required to read tea leaves or to game the criminal justice system by delaying in the hope that pending legislation will ultimately pass in a manner that will benefit a client. And whether the court would have allowed the delay suggested by Flores is purely speculation.

We agree. Flores failed to show counsel had a duty to inform him of a possible future change in legislature that may have affected his sentence.

For these reasons, we affirm the denial of Flores's PCR application.

**AFFIRMED.**