# IN THE COURT OF APPEALS OF IOWA

No. 21-1845
Filed January 25, 2023

**MARKUS EARL HARDING,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

     Appeal from the Iowa District Court for Black Hawk County, Andrea J. Dryer, Judge.

     Markus Harding appeals the district court's denial of his postconviction-relief application. **AFFIRMED.**

     Scott M. Wadding of Sease & Wadding, Des Moines, for appellant.

     Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.

     Considered by Vaitheswaran, P.J., Ahlers, J., and Blane, S.J.*

     *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**VAITHESWARAN, Presiding Judge.**

A jury found Markus Earl Harding guilty of first-degree burglary, domestic abuse assault, domestic abuse assault while using or displaying a dangerous weapon, false imprisonment, and fourth-degree theft. Harding raised a single issue on direct appeal: whether the district court erred in admitting statements of an unavailable witness under the "forfeiture by wrongdoing" exception to the hearsay rule and the confrontation clause. *See State v. Harding*, No. 18-1060, 2020 WL 4497926, at *2 (Iowa Ct. App. Aug. 5, 2020). The court of appeals affirmed his convictions. *Id.* at *3.

Harding filed a postconviction-relief action raising several claims. The district court held an evidentiary hearing, addressed the claims on the merits, and denied them. On appeal, Harding raises entirely new claims.

First, Harding contends his attorneys on direct appeal and at the postconviction hearing were ineffective in "failing to challenge the district court's exclusion of the alleged victim's prior inconsistent statements." The State responds that Harding failed to preserve error but acknowledges a "narrow exception that can allow an appellate court to reach the merits of an unpreserved claim on appeal if the existing record is already sufficiently developed to enable consideration and resolution." *See Goode v. State*, 920 N.W.2d 520, 526–27 (Iowa 2018). The record is inadequate to address the claim.

Second, Harding claims his criminal trial attorney was ineffective in failing to make an offer of proof and in failing to object to testimony on why domestic abuse victims recant their statements. The record is also inadequate to address this claim.

We preserve the claims for "possible future litigation." *Brown v. State*, No. 19-1815, 2021 WL 1661157, at *6 (Iowa Ct. App. Apr. 28, 2021); *see also* *Karns v. State*, No. 21-0758, 2022 WL 2348144, at *4 (Iowa Ct. App. June 29, 2022).

**AFFIRMED.**