**IN THE COURT OF APPEALS OF IOWA**

No. 24-1076
Filed May 7, 2025

**RODNEY C. HENRICKSEN,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Christopher Kemp, Judge.

An applicant for postconviction relief appeals the district court's denial of his application. **AFFIRMED.**

Karmen Anderson, Des Moines, for appellant.

Brenna Bird, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee State.

Considered without oral argument by Greer, P.J., and Langholz and Sandy, JJ.

**SANDY, Judge.**

After brutally assaulting and killing an unarmed and defenseless stranger at a bar, Rodney Henricksen was convicted of second-degree murder. Henricksen stated that he attacked the victim because the victim was heavily intoxicated and "hitting on [his] wife." Henricksen was sentenced to fifty years in prison with a seventy-percent mandatory minimum. We affirmed his conviction on direct appeal. *See State v. Henricksen*, No. 19-0890, 2020 WL 5229182, at *4 (Iowa Ct. App. Sept. 2, 2020).

Henricksen then applied for postconviction relief (PCR), arguing his trial counsel was ineffective in failing to (1) call his lip-reading expert to testify at trial, (2) adequately prepare Henricksen and another witness for their testimony, (3) adequately communicate regarding his case and trial strategies, such as a justification defense, and (4) seek a mistrial based on Henricksen's jail phone calls. Following a hearing on the matter, the district court denied Henricksen's petition in its entirety.

Henricksen raises the same arguments on appeal—as well as an alternative argument that PCR counsel was ineffective. The State called a lip-reading expert that testified that a surveillance video showed Henricksen saying "I want to beat him" prior to beating the victim. Henricksen's trial counsel had also hired a lip-reading expert, and Henricksen argues his trial counsel should have called that expert to testify that the surveillance video was inconclusive. But Henricksen's lip-reading expert did not view the same high-quality version of the surveillance video that the State's witness viewed because his trial counsel feared his "expert would come to the same conclusion as the State's expert, if they had viewed the

enhanced surveillance video," and Henricksen failed to "present[] any evidence . . . as to what [his expert] would have actually testified to."[1]

Henricksen also argues his trial counsel failed to properly communicate with him, prepare him and another witness to testify. Yet "Henricksen testified at the PCR trial that he met with his trial attorneys approximately ten times, and the meetings typically lasted between one to two hours," and "he never informed his trial counsel that he was feeling anxious and unprepared." And Henricksen "did not submit any evidence" that the other witness felt she was unprepared to testify.

Henricksen additionally argues it was ineffective counsel for his trial counsel to fail to assert the justification defense or argue that he committed a lesser-included offense. Our court already concluded "Henricksen's reliance on the justification defense was unfounded," *Henricksen*, 2020 WL 5229182, at *4, and we concur with the State that there is a reasonable strategic argument to be made "that making an alternative argument of guilty of a lesser offense would undermine the justification defense."

Henricksen lastly argues his counsel was ineffective in failing to request a mistrial following the disclosure of recorded phone calls he made while in jail. The calls were not exculpatory—"he just told anyone that he talked to on the phone that he was innocent." And trial counsel's strategic decision to seek a new trial

---

[1] Henricksen alternatively argues he received ineffective assistance of PCR counsel, contending PCR counsel "fail[ed] to obtain an expert witness to demonstrate what [his lip-reading expert] would have testified to." The record is inadequate for us to address this issue, and we decline to resolve it in this appeal. *See Goode v. State*, 920 N.W.2d 520, 526 (Iowa 2018).

rather than a mistrial allowed Henricksen to seek an opportunity for acquittal from the jury.

On our de novo review, *State v. Lorenzo Baltazar*, 935 N.W.2d 862, 868 (Iowa 2019), we agree with the district court that "Henricksen has not established his trial counsel breached an essential duty," and additionally, that "Henricksen has failed to show prejudice resulted from any of the claimed breaches," *see Krogmann v. State*, 914 N.W.2d 293, 306 (Iowa 2018). Because we cannot provide any better reasoning or analysis than that found in the district court's thorough and well-reasoned order, we affirm with this memorandum opinion. *See* Iowa Ct. R. 21.26(1)(d), (e).

**AFFIRMED.**