# IN THE COURT OF APPEALS OF IOWA

No. 19-1904
Filed January 21, 2021

IN RE THE MARRIAGE OF LITA E. VIERS
AND WILLIAM G. VIERS, JR.

Upon the Petition of
LITA E. VIERS, n/k/a LITA E. JOHNSON,
　　　　Petitioner-Appellant,

And Concerning
WILLIAM G. VIERS, JR.,
　　　　Respondent-Appellee.
_____

　　　　Appeal from the Iowa District Court for Madison County, Thomas P. Murphy,

Judge.


　　　　Lita Johnson appeals the order denying her petition to modify the child

custody provisions of the decree dissolving her marriage to Bill Viers. **AFFIRMED.**


　　　　Thomas Hurd of Law Office of Thomas Hurd PLC, Des Moines, for

appellant.

　　　　Paul A. Miller of Miller Law Office, Fairfield, for appellee.


　　　　Considered by Doyle, P.J., and Mullins and Greer, JJ.

**DOYLE, Presiding Judge.**

When Lita and Bill divorced in 2014, the district court granted Lita physical care of their child. One year later, both parties requested modification; Lita asked for sole legal custody of the child, and Bill asked for physical care of the child. The court continued joint legal custody but modified the decree to grant Bill physical care, and we affirmed the decision on appeal. *See In re Marriage of Viers*, No. 16-2053, 2017 WL 3065167, at *3 (Iowa Ct. App. July 19, 2017).

In September 2018, Lita initiated another modification action. The district court agreed that Lita's move to Idaho was a substantial change in circumstances that warranted modification. But the court declined to modify physical care because Lita failed to show she can provide superior care for the child. On appeal, Lita challenges that finding.

We review the modification ruling de novo. *See Thorpe v. Hostetler*, 949 N.W.2d 1, 4 (Iowa Ct. App. 2020). We are not bound by the district court's fact findings but give them weight, especially those concerning witness credibility.[1] *See id.* at 5. The court may modify custody if a substantial change in circumstances has occurred and modification is in the child's best interests. *See*

---

[1] The district court made findings that Lita was not credible. Lita argues its findings should be given less weight on appeal because the court did not admit evidence regarding domestic violence perpetrated by Bill during the marriage. She claims the evidence is necessary to explain her actions following the first modification. But evidence of abuse that occurred during the marriage was admitted and considered in the prior modification action and is therefore part of the record, as noted by the district court. Any additional evidence of abuse that occurred during the marriage was cumulative and of limited relevance to the present modification action, and the court acted within its discretion in refusing to admit it. *See Hawkins v. Grinnell Reg'l Med. Ctr.*, 929 N.W.2d 261, 265 (Iowa 2019) ("We generally review challenges to district court decisions to exclude or admit evidence for an abuse of discretion.").

*id.*  We will modify child custody only when the party seeking modification proves an ability to minister more effectively to the child's well-being.  *See id.*

The district court found that Lita's move out of state qualifies as a substantial change of circumstances.  The only question on appeal is whether Lita has met the "heavy burden" of showing she is able to offer the child superior care.  *See In re Marriage of Malloy*, 687 N.W.2d 110, 113 (Iowa Ct. App. 2004).  The court found she did not.  Instead, it found "the behavior that troubled the court" in the first modification action—most notably, her unfounded claims that Bill was abusing the child—"has not substantially changed."  Though the court was critical of the behavior of both parties, the burden was on Lita to show she can parent better.  We agree that Lita falls short of her burden for the reasons stated by the district court.  Therefore, we affirm the denial of Lita's petition to modify physical care.[2]

**AFFIRMED.**

---

[2] The majority of Lita's sixty-two page brief is devoted to her argument that she can provide superior care.  In a footnote, she mentions two alternative claims without argument: (1) the court awarded insufficient visitation and (2) the court erred in ordering her to pay child support of $120 per month based on imputed income.  She has failed to raise these claims sufficiently to allow us to address them on appeal.  *See* Iowa R. App. P. 6.903(2)(g) (setting forth the requirements for the argument section of appellant's brief); *Goode v. State*, 920 N.W.2d 520, 524 (Iowa 2018) (noting that a party must raise specific claims on appeal or risk waiving the issue); *State v. Louwrens*, 792 N.W.2d 649, 650 n.1 (Iowa 2010) ("[P]assing reference to an issue, unsupported by authority or argument, is insufficient to raise the issue on appeal."); *Hyler v. Garner*, 548 N.W.2d 864, 876 (Iowa 1996) (holding appellate courts will not speculate on arguments a party "might have made and then search for legal authority and comb the record for facts to support such arguments").