# IN THE COURT OF APPEALS OF IOWA

No. 19-1886
Filed May 12, 2021

**LANCE RUSSELL DIXON,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Sarah Crane, Judge.


Lance Dixon appeals the summary disposition of his fifth application for postconviction relief. **AFFIRMED.**


Karmen Anderson, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee.


Considered by Bower, C.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

Lance Dixon appeals the summary disposition of his fifth application for postconviction relief (PCR).  He claims his application is not time-barred.

Dixon appealed his 2001 first-degree murder conviction.  This court affirmed.  *State v. Dixon*, No. 00-829, 2001 WL 1450991, at *1 (Iowa Ct. App. Nov. 16, 2001).  Procedendo issued in February 2002.  In 2003, Dixon timely filed his first PCR claiming his trial counsel provided ineffective assistance.  The PCR court dismissed his application, and the supreme court dismissed his appeal as frivolous.  Procedendo issued in March 2006.  Dixon filed his second PCR application in April 2006 alleging ineffective assistance of both trial counsel and PCR counsel.  His application was denied and affirmed on appeal, and procedendo issued in January 2010.  Dixon filed a third PCR application in November 2010.  In granting summary disposition, the district court found the application time-barred and that trial counsel was not ineffective.  This court affirmed.  *Dixon v. State*, No. 12-0499, 2013 WL 3291837, at *2-3 (Iowa Ct. App. June 26, 2013).  Procedendo issued in August 2013.  Dixon filed a fourth PCR application in February 2014.  The district court found Dixon's claim time-barred.  This court affirmed.  *Dixon v. State*, No. 16-1978, 2018 WL 739259, at *3 (Iowa App. Feb. 7, 2018).  Procedendo issued in April 2018.

Dixon filed his fifth PCR application in December 2018.  Dixon alleged that trial counsel failed to conduct a reasonable investigation, that appellate and PCR counsel failed to challenge the felony-murder rule and should have requested special interrogatories.  Dixon claimed *Allison v. State*, 914 N.W.2d 866 (Iowa 2018) should be retroactively applicable to his application because his second

PCR was promptly filed after procedendo issued in his first PCR. The State moved for summary judgment alleging Dixon's fifth PCR was time-barred. In its summary dismissal, the district court found "*Allison* does not apply retroactively to Dixon and cannot be relied upon as the basis for Dixon's [f]ifth PCR." Dixon appeals.

Iowa Code section 822.3 (2018) requires all PCR actions be filed "within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued but "this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period." Procedendo issued on his first-degree murder conviction in 2002. Dixon filed the current PCR application in December 2018—more than thirteen years after the section 822.3 three-year time limitation expired. To overcome this hurdle, Dixon relies on a narrow exception set forth in *Allison* to save his untimely fifth application. *Allison* holds:

> [W]here a PCR petition alleging ineffective assistance of trial counsel has been timely filed per section 822.3 and there is a successive PCR petition alleging postconviction counsel was ineffective in presenting the ineffective-assistance-of-trial-counsel claim, the timing of the filing of the second PCR petition relates back to the timing of the filing of the original PCR petition for purposes of Iowa Code section 822.3 if the successive PCR is filed promptly after the conclusion of the first PCR action.

914 N.W.2d at 891).

So one has to meet three prongs to take advantage of the Allison exception to the section 822.3 time-bar.

> First, the original PCR petition alleging ineffective assistance of trial counsel had to be "timely filed per section 822.3." Second, the successive PCR petition must allege "postconviction counsel was ineffective in presenting the ineffective-assistance-of-trial-counsel claim." And third, the successive petition must be "filed promptly after the conclusion of the first PCR action."

*Polk v. State*, No. 18-0309, 2019 WL 3945964, at *2 (Iowa Ct. App. Aug. 21, 2019) (citations omitted). Dixon meets the first two prongs: his first PCR application was timely filed and alleged ineffective assistance of counsel and his second PCR application alleged ineffective assistance of PCR counsel and was timely filed after procedendo issued from the first. But, Dixon cannot meet the third prong: the successive PCR action must be "filed promptly after the conclusion of the *first* PCR." *Allison*, 914 N.W.2d at 891 (emphasis added). *Allison* only applies to a "second PCR petition." *See id.*; *see also Goode v. State*, 920 N.W.2d 520, 525 (Iowa 2018) ("In *Allison*, we adopted a relation-back doctrine to the statutory period of limitation under section 822.3 when an applicant alleges in a second PCR proceeding brought outside the three-year time frame that the attorney in the first PCR proceeding was ineffective in presenting the same claim as raised in the second proceeding."). This is not a second PCR. We remain consistent in our approach of denying relief when a third, or here fifth, PCR cause of action is involved. *See Schawitsch v. State*, No. 20-0535, 2021 WL 1399771, at *5 (Iowa Ct. App. Apr. 14, 2021) (fourth application); *Palmer v. State*, No. 19-1487, 2021 WL 811161, at *1, (Iowa Ct. App. Mar. 3, 2021) (seventh application); *Harrington v. State*, No. 19-1102, 2021 WL 210976, at *3 (Iowa Ct. App. Jan. 21, 2021) (third application); *Williams v. State*, No. 19-1817, 2020 WL 7385279, at *1–2 (Iowa Ct. App. Dec. 16, 2020) (fourth application); *Losee v. State*, No. 19-1702, 2020 WL 4499771, at *2–3 (Iowa Ct. App. Aug. 5, 2020) (fifth application); *Smitherman v. State*, No. 19-0331, 2020 WL 3571814, at *2 (Iowa Ct. App. July 1, 2020) (fourth application); *Long v. State*, No. 19-0726, 2020 WL 2061934, at *3-4 (Iowa Ct. App.

April 29, 2020) (third application); *Thompson v. State*, No. 19-0322, 2020 WL 2060310, at *3–4 (Iowa Ct. App. Apr. 29, 2020) (third application); *Morris v. State*, No. 18-1021, 2019 WL 3714820, at *1–2 (Iowa Ct. App. Aug. 7, 2019) (third application).

In any event, Dixon's fifth PCR application was not filed "promptly" after the first. It was filed over twelve years after procedendo issued from his first PCR. This is not prompt in anyone's book. *See Fountain v. State*, No. 17-2024, 2019 WL 5424928, at *3 n.9 (Iowa Ct. App. Oct. 23, 2019) (holding that a wait of nearly two years is not considered prompt); *Polk v. State*, No. 18-0309, 2019 WL 3945964, at *1 (Iowa Ct. App. Aug. 21, 2019) (holding that waiting nearly six months to file does not meet "prompt" filing mandate); *Cook v. State*, No. 17-1245, 2019 WL 719163, at *4 (Iowa Ct. App. Feb. 20, 2019) (holding that application filed more than forty-six months after first PCR action and more than twenty-nine months after second PCR action is not prompt); *Kelly v. State*, No. 17-0382, 2018 WL 3650287, at *3-4 (Iowa Ct. App. Aug. 1, 2018) ("[W]e cannot say Kelly's applications have been 'promptly' filed, with his second PCR application being filed more than fifteen months after our court affirmed the denial of his first application and his third application being filed more than one year after procedendo issued on his appeal of his second PCR action."); *see also Johnson v. State,* No. 19-1949, 2021 WL 210700, at *2 (Iowa Ct. App. Jan. 21, 2021) (collecting cases on the meaning of "filed promptly").

Even if we were to assume time to file promptly began from issuance of procedendo from the fourth PCR or from the date *Allison* was handed down, Dixon's application, filed over eight months after procedendo issued from his fourth

PCR, and over five-and-one-half months after *Allison*, was still not prompt. *See Killings v. State*, No. 20-0215, 2021 WL 1399211, at *1, (Iowa Ct. App. April 14, 2021) (over nine months); *Polk*, 2019 WL 3945964, at *1 (nearly six months); *Maddox v. State*, No. 19-1916, 2020 WL 5230367, at *3 (Iowa Ct. App. Sept. 2, 2020) (121 days); *Harlston v. State*, No. 19-0267, 2020 WL 4200859, at *1 (Iowa Ct. App. July 22, 2020) (more than six months).

Because Dixon's fifth PCR application was time-barred under section 822.3, the PCR court properly granted summary disposition dismissing the application.

**AFFIRMED.**