**IN THE COURT OF APPEALS OF IOWA**

No. 20-0002
Filed July 21, 2021

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TRISTON KING PHILLIPS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Hardin County, John J. Haney,

Judge.


        Triston Phillips appeals his convictions of sexual abuse claiming there was

insufficient evidence to convict him and his counsel provided ineffective

assistance. **AFFIRMED.**


        Christopher A. Clausen of Clausen Law Office, Ames, for appellant.

        Thomas J. Miller, Attorney General, and Thomas E. Bakke and Susan R.

Krisko, Assistant Attorneys General, for appellee.


        Considered by Doyle, P.J., and Mullins and May, JJ.

**DOYLE, Presiding Judge.**

Triston Phillips appeals his convictions of sexual abuse claiming there was insufficient evidence to convict him and that his counsel provided ineffective assistance. Phillips's motion for judgment of acquittal did not preserve error for the argument he now raises on appeal. Furthermore, we cannot review Phillips's ineffective-assistance-of-counsel claims on direct appeal. So we affirm his convictions and reserve his ineffective-assistance-of-counsel claims for a possible post-conviction relief trial.

## I. Facts and Procedural history.

Phillips was accused of committing many acts of sexual abuse against two pre-teen girls. In October 2019, a jury found him guilty of two counts of second-degree sexual abuse, one count of third-degree sexual abuse, and one count of lascivious acts with a child. Phillips appealed after he was sentenced in December 2019. In this direct appeal, he argues (1) his trial counsel was ineffective for failing to object to the State's mid-trial motion to amend the trial information correcting the timeframe associated with one of the counts, and (2) the verdicts were not supported by sufficient evidence.

## II. Ineffective Assistance of Counsel.

Mid-trial, the prosecutor moved to amend the trial information to correct the timeframe associated with one of the counts. The court granted the motion. Phillips freely admits he did not preserve error because he made no objection. On direct appeal he asserts his trial counsel was ineffective for failing to object to the motion. Under Iowa Code section 814.7, this court cannot review Phillips's ineffective-assistance-of-counsel claim. *State v. Swift*, 955 N.W.2d 876, 881 (Iowa

2021) ("Senate File 589 amended Iowa Code section 814.7 to disallow resolution of ineffective-assistance-of-counsel claims on direct appeal."); *accord State v. Mousty*, No. 19-1588, 2021 WL 1399208, at *1 (Iowa Ct. App. Apr. 14, 2021); *State v. Armsted*, No. 19-1883, 2021 WL 1016575, at *4 n.4 (Iowa Ct. App. Mar. 17, 2021) (noting the defendant "was sentenced in November 2019; so section 814.7 applies"); *State v. Montgomery*, No. 19-1613, 2021 WL 596107, at *7 (Iowa Ct. App. Feb. 3, 2021) ("Disposition was not entered in [the defendant's] case until September 2019. So Iowa Code section 814.7 (Supp. 2019), which took effect on July 1, 2019, controls." (citations omitted)). Phillips may pursue his ineffective–assistance-of-counsel claims in a postconviction-relief action. *See* Iowa Code § 814.7 (Supp. 2019).

### III. Sufficiency of the Evidence

Phillips argues the evidence presented at trial is insufficient to support the jury's guilty verdict. The State submits Phillips failed to preserve error contending his motion for judgment of acquittal was a general motion or, at the most, the motion preserved a sufficiency challenge only as it relates to the timeframe of the sexual abuse conduct.

At trial, Phillips moved for a judgment of acquittal at the close of the State's case in chief:

> On behalf of the defendant, I would move for a directed verdict or motion for judgment of acquittal. I don't believe that the State has satisfied all the elements of the four counts, especially pinning down the time frame. I do believe that the evidence is insufficient, and we would ask that the motions be granted.

Did Phillips preserve error on the sufficiency-of–evidence claim he now brings on appeal? We think not. His claim at trial morphed into something new on appeal. He now argues there was not sufficient evidence the sex acts occurred because the State's witnesses lacked credibility. "To preserve error on a claim of insufficient evidence for appellate review in a criminal case, the defendant must make a motion for judgment of acquittal at trial that identifies the specific grounds raised on appeal." *State v. Truesdell*, 679 N.W.2d 611, 615 (Iowa 2004); *see also Crone*, 545 N.W.2d at 270 (finding defense counsel's failure to "mention the 'threat' or 'anything of value' elements of the extortion charge in his motion" precluded Crone from challenging those specific grounds "for the first time on appeal"). As a general rule, we do not address issues presented on appeal for the first time. *See Goode v. State*, 920 N.W.2d 520, 526 (Iowa 2018).

Phillips's motion for judgment of acquittal did not preserve error on the specific deficiencies he alleges for the first time on appeal. Unable to reach the merits of the sufficiency-of-the-evidence claim, we affirm Phillips's convictions.

As a back-up, Phillips suggests if error was not preserved, "arguably trial counsel failed in an essential duty by failing to preserve the argument with regard to the credibility of the witnesses who testified against Phillips at trial." We cannot review ineffective-assistance-of-counsel claims on direct review. *See* Iowa Code § 814.7 (Supp. 2019).

**AFFIRMED.**