# IN THE COURT OF APPEALS OF IOWA

No. 20-0045
Filed July 21, 2021

**RAYMOND E. THOMAS,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Samantha J. Gronewald, Judge.

The applicant appeals from the dismissal of his third application for postconviction relief.  **AFFIRMED.**

Raymond E. Thomas, Fort Madison, self-represented appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee State.

Considered by Mullins, P.J., Greer, J., and Potterfield, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**POTTERFIELD, Senior Judge.**

In 2006, a jury convicted Raymond Thomas of third-degree kidnapping, first-degree burglary,[1] second-degree robbery, and two counts of assault on a peace officer. He directly appealed his convictions, which this court affirmed in *State v. Thomas*, No. 06-0582, 2007 WL 3376888 (Iowa Ct. App. Nov. 15, 2007). Procedendo issued December 19, 2007. Thomas then filed two separate, unsuccessful applications for postconviction relief (PCR)—one in 2008 and one in 2012.

He filed the instant application, his third, on June 27, 2019—more than eleven years after procedendo issued. In it, Thomas maintained his application was timely because of "the doctrine of fraudulent concealment" and the "relation-back doctrine" outlined in *Allison v. State*, 914 N.W.2d 866 (Iowa 2018). As for the substance of his application, Thomas claimed the State failed to properly file the amended trial information under which he was tried and convicted, "which caused prejudice involving life and liberty of his person." He asserted he should receive a new trial due to this failure. The State moved to have Thomas's third application dismissed as time-barred. *See* Iowa Code § 822.3 (2019). The district court granted the motion, finding Thomas did not establish an exception to the statute of limitations. Thomas appeals. "Generally, we review a grant of a motion to dismiss a PCR petition for correction of errors at law." *Allison*, 914 N.W.2d at 870.

---

[1] The jury also convicted Thomas of assault with intent to commit sexual abuse causing bodily injury, which the district court concluded merged with his conviction for first-degree burglary. The court sentenced Thomas to a term of incarceration not to exceed thirty-five years.

Thomas maintains an exception to the three-year statute of limitations applies to save his third PCR application and the district court was wrong to rule otherwise.

First, he mentions in passing that the district court was wrong to conclude he did not raise a new ground of fact or law that could not have been raised earlier. *See* Iowa Code § 822.3 (providing applications must be filed within three years from when the writ of procedendo is issued but "this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period"). As the State points out, Thomas did not raise this argument to the district court, so it is not preserved for our review on appeal. *See Goode v. State*, 920 N.W.2d 520, 526 (Iowa 2018) ("As a general rule, we do not address issues presented on appeal for the first time . . . .").

Second, Thomas maintains his application is saved by the holding in *Allison*, in which our supreme court held:

> that where a PCR petition alleging ineffective assistance of trial counsel has been timely filed per section 822.3 and there is a successive PCR petition alleging postconviction counsel was ineffective in presenting the ineffective-assistance-of-trial-counsel claim, the timing of the filing of the second PCR petition relates back to the timing of the filing of the original PCR petition for purposes of Iowa Code section 822.3 *if the successive PCR petition is filed promptly after the conclusion of the first PCR action.*

914 N.W.2d at 891 (emphasis added). But this is Thomas's third application, not his second. *See, e.g.*, *Smitherman v. State*, 19-0331, 2020 WL 3571814, at *2 (Iowa Ct. App. July 1, 2020) ("[*Allison*] does not apply to a third or subsequent PCR application."). And, furthermore, he filed his third application more than eighteen months after procedendo issued on his second application, which is not a "prompt"

successive filing. *See, e.g.*, *Maddox v. State*, No. 19-1916, 2020 WL 5230367, at *3 (Iowa Ct. App. Sept. 2, 2020) (concluding 121-day delay did not meet the requirement of "filed promptly"). The *Allison* exception does not apply here.[2]

Finally, Thomas argues his application is not time-barred because of the doctrine of fraudulent concealment. A plaintiff can rely on the doctrine of fraudulent concealment to avoid the statute of limitations. *See Christy v. Miulli*, 692 N.W.2d 694, 703 (Iowa 2005). But to do so, the party relying on the doctrine "must prove the [other party] did some affirmative act to conceal the plaintiff's cause of action independent of and subsequent to the liability-producing conduct." *Id.* And "the plaintiff's reliance must be reasonable." *Id.* Here, Thomas relies on the State's failure to file the amended trial information for both the substance of his application (i.e. "liability-producing conduct") and as his reason for his untimely filing. But the amended trial information reduced the charges against Thomas, and he knew of the amendment at least as of the time the trial began because the prosecutor read the correct, amended trial information to the jury. Additionally, at Thomas's sentencing, the discrepancy in information was noted, as the preparer of the presentence investigation did not have the most recent version. The prosecutor pointed out at that time that she had read the correct one to the jury at the

---

[2] In 2019, our legislature amended section 822.3 to include the following, "An allegation of ineffective assistance of counsel in a prior case under this chapter shall not toll or extend the limitation periods in this section nor shall such claim relate back to a prior filing to avoid the application of the limitation periods." Iowa Code § 822.3 (Supp. 2019). This amendment appears to abrogate *Allison*, and it took effect on July 1, 2019—while Thomas's third application was pending. But because Thomas's application does not meet the narrow exception set out in *Allison*, we need not determine whether the amended section 822.3 applies to his case.

beginning of the trial, and the court instructed the prosecutor "to provide us with the amended charges that then will be attached to the [PSI]." Assuming the doctrine of fraudulent concealment applies to PCR actions, Thomas has not proved it is applicable here.

Because Thomas has not established an exception to the statute of limitations to save his third PCR application, we affirm the district court's dismissal.

**AFFIRMED.**