# IN THE COURT OF APPEALS OF IOWA

No. 20-0461
Filed August 18, 2021

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JUSTIN HUNDLEY,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Clinton County, Joel W. Barrows (Plea) and John Telleen (Sentence), Judges.

Justin Hundley appeals from his guilty plea. **APPEAL DISMISSED**.

G. Brian Weiler, Davenport, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

Considered by Mullins, P.J., and May and Ahlers, JJ.

**AHLERS, Judge.**

Pursuant to a plea agreement, Justin Hundley pleaded guilty to domestic abuse assault by impeding breathing causing bodily injury, a class "D" felony, and domestic abuse assault, third offense, a class "D" felony. Hundley entered the guilty pleas in February 2020 and was sentenced the next month. He appeals, contending there were defects in the plea proceedings because the potential sentences were not adequately explained. He claims his trial counsel was ineffective for allowing him to plead guilty in the face of the defects and for failing to file a motion in arrest of judgment to challenge the defects.

We cannot address the merits of Hundley's claims of defects in the plea proceedings for three reasons. First, Hundley did not preserve error on this claim. To preserve error in challenging a guilty plea, a motion in arrest of judgment must be filed in the district court. Iowa Rs. Crim. P. 2.8(2)(d), 2.24(3)(a); *see also State v. Harrington*, 893 N.W.2d 36, 41 (Iowa 2017) (noting that filing a motion in arrest of judgment to challenge deficiencies in a plea proceeding is "an error preservation requirement"). Hundley did not file a motion in arrest of judgment. As a result, we cannot hear the claim because error was not properly preserved. *Id.*

The second reason is Iowa Code section 814.6(1)(a)(3) (2020) precludes Hundley's ability to appeal from his guilty plea unless he can establish good cause. It is Hundley's burden to establish good cause to pursue an appeal of his conviction following a guilty plea. *State v. Treptow*, 960 N.W.2d 98, 108 (Iowa 2021). "Good cause" under section 814.6 means a "legally sufficient reason," which is "a reason that would allow a court to provide some relief." *Id.* at 109. When a defendant pleads guilty and does not file a motion in arrest of judgment—which is what

happened here—there is no relief that the appellate court can grant, so there is no good cause to allow the appeal. *See id.*

The third reason we cannot address the merits of Hundley's claims is they depend exclusively on assertions that he received ineffective assistance of counsel, and we are prohibited by statute from addressing such claims on direct appeal. *See* Iowa Code § 814.7. This reason relates to an exception to the second reason. As mentioned, a defendant who pleads guilty and fails to file a motion in arrest of judgment is precluded from being granted relief on appeal based on claimed defects in the plea proceedings. Historically, there has been an exception to this bar if the failure to file a motion in arrest of judgment resulted from ineffective assistance of counsel. *Treptow*, 960 N.W.2d at 109. However, this exception has been eliminated by the legislature's recent amendment to Iowa Code section 814.7, which prohibits defendants from raising ineffective-assistance-of-counsel claims on direct appeal. *Id.*

Iowa Code section 814.7 was amended in 2019 so defendants can no longer raise ineffective-assistance-of-counsel claims on direct appeal. *State v. Tucker*, 959 N.W.2d 140, 145 (Iowa 2021). Rather, ineffective-assistance claims must "be decided in the first instance in postconviction-relief proceedings rather than on direct appeal." *Id.* The amended statute applies to Hundley's case because his guilty plea and sentencing occurred after the effective date of the statute—July 1, 2019. *See id.* Accordingly, we are precluded from hearing Hundley's ineffective-assistance-of-counsel claims on direct appeal. *See id.*

As a final attempt to avoid operation of the above-stated principles, Hundley asserts that, if Iowa Code section 814.7 prevents us from reaching the merits of

his claim, the statute should be struck down as unconstitutional and we should adopt the plain-error doctrine. We reject this argument for two reasons.

First, Hundley waived the argument by failing to sufficiently identify and brief the issues.[1] *See Goode v. State*, 920 N.W.2d 520, 524 (Iowa 2018) (discussing the specificity requirement); *State v. Tyler*, 867 N.W.2d 136, 166 n.14 (Iowa 2015) (indicating a "passing reference" in a brief is insufficient); *State v. Vaughan*, 859 N.W.2d 492, 503 (Iowa 2015) (finding waiver where party presented "no argument in support of his contention"); *State v. Short*, 851 N.W.2d 474, 479 (Iowa 2014) (declining to address the merits of arguments not made, "as under our rules and our precedents they have been waived in this appeal").

Second, our supreme court has denied constitutional challenges to section 814.7 on separation-of-powers, equal-protection, and due-process grounds. *Treptow*, 960 N.W.2d at 103–08. Our supreme court has also "repeatedly rejected plain error review and will not adopt it now." *Id.* at 109. We are required to follow these holdings, as "[w]e are not at liberty to overrule controlling supreme court precedent." *State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014).

Because Hundley failed to establish good cause to pursue a direct appeal of his guilty plea and our court is without authority to decide his ineffective-

---

[1] Hundley does not identify which constitutional provisions he claims section 814.7 violates, nor does he develop any arguments about them or the plain-error doctrine. The entirety of Hundley's briefing on this point consists of these two sentences: "To the extent that [section] 814.7 purports to deny Mr. Hundley a timely remedy for violations of his constitutional rights, it is unconstitutional and should be struck down. In the alternative, Iowa should adopt the 'plain error' doctrine, applying it here instead of the construct of ineffective assistance." This is insufficient to avoid waiver.

assistance-of-counsel claims on direct appeal, Hundley's appeal must be dismissed.

**APPEAL DISMISSED.**