## IN THE COURT OF APPEALS OF IOWA

No. 20-0674
Filed August 18, 2021

**ISIDRO RAMIREZ,**
      Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
      Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Coleman McAllister,

Judge.


Isidro Ramirez appeals the summary disposition of his fourth application for

postconviction relief. **AFFIRMED.**


Gary Dickey of Dickey, Campbell & Sahag Law Firm, PLC, Des Moines, for

appellant.

Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney

General, for appellee State.


Considered by May, P.J., Ahlers, J., and Danilson, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2021).

**DANILSON, Senior Judge.**

### I. Summary

Isidro Ramirez appeals the summary disposition of his fourth application for postconviction relief (PCR). Because his application is well outside the statute of limitations and does not meet the criteria of the relation-back exception set out in *Allison v. State*, 914 N.W.2d 866, 891 (Iowa 2018), we affirm the ruling of the district court.

### II. Facts and Background

Ramirez was convicted, in 1998, of first-degree murder. Since the conviction, Ramirez has been serving a life sentence. In that time, Ramirez has filed for PCR three times. This appeal relates to his fourth application.

Ramirez's first PCR application was in January 2002. In this first application, Ramirez alleged ineffective assistance of trial counsel. The district court denied Ramirez's application in its entirety. On appeal, Ramirez claimed ineffective assistance of PCR counsel, and this court found Ramirez's claim too general to address or preserve. *Ramirez v. State*, No. 03-1224, 2005 WL 973610, at *1 (Iowa Ct. App. Apr. 28, 2005).

In 2006, Ramirez filed a second PCR application. This application was dismissed by the district court. His appeal in the second PCR proceeding was dismissed as frivolous. *Ramirez v. State*, No. 13-1847, 2015 WL 4936386, at *1 (Iowa Ct. App. Aug. 19, 2015) (discussing the history of the case).

In 2011, Ramirez filed a third PCR application, which was summarily dismissed by the district because the statute of limitations had expired. The court of appeals affirmed the ruling of the district court. *Id.* at *2.

The instant appeal follows Ramirez's fourth PCR application. Filed in 2019, Ramirez again asserts ineffective assistance of counsel. The State moved for summary disposition, reasoning the claim is time-barred under the three-year statute of limitations for PCR actions. The district court agreed, determining Ramirez's application was time-barred and did not raise a new ground of fact or law exempting his application from the statute of limitations. Ramirez appeals the decision of the district court.

### III. Standard of review

We review district court rulings on summary disposition of PCR applications for the correction of legal error. *Allison*, 914 N.W.2d at 870.

### IV. Discussion

Ramirez hopes to use the *Allison* exception to avoid the three-year statute of limitations on PCR applications. Iowa Code section 822.3 (2019) requires a PCR application "be filed within three years from the date the conviction or decision is final or, in the event of an appeal from the date the writ of procedendo is issued." Procedendo issued following Ramirez's direct appeal on December 12, 2000. His current PCR action began in June 2019, fifteen years after the statute of limitations expired. *See* Iowa Code § 822.3.

*Allison*, decided in June 2018, permits a PCR application filed outside the statute of limitations to "relate back" to a prior application.[1] *Id.* The ruling in *Allison* "allow[s] a second PCR application to relate back to the time of filing the first PCR

---

[1] Section 822.3 was amended, effective July 1, 2019, to effectively abrogate the *Allison* relation-back doctrine. *See Stone v. State*, No. 20-1056, 2021 WL 3395045, at *1 n.2 (Iowa Ct. App. Aug. 4, 2021) (citing 2019 Iowa Acts ch. 149, § 8).

where three conditions existed." *See Polk v. State*, No. 18-0309, 2019 WL 3945964, at *2 (Iowa Ct. App. Aug. 21, 2019) (citing *Allison*, 914 N.W.2d at 890). First, the original PCR petition alleging ineffective assistance of trial counsel had to be timely filed per section 822.3. *Id.* Second, the successive PCR petition must allege PCR counsel was ineffective in presenting the ineffective-assistance-of-trial-counsel claim. *Id.* Finally, the successive petition must be "filed promptly after the conclusion of the first PCR action." *Id.*

This court elaborated on the *Allison* framework, determining an application filed six months after Allison was decided "does not fit the definition of prompt." *Demery v. State*, No. 19-1465, 2020 WL 1887955, at *2 (Iowa Ct. App. Apr. 15, 2020) (quoting *Polk*, 2019 WL 3945964, at *2); *see also Harlston v. State*, No. 19-0627, 2020 WL 4200859, at *2 (Iowa Ct. App. July 22, 2020) (concluding petitioner's second application filed more than six months after the conclusion of his first PCR application was not promptly filed as provided in *Allison*).

Here, Ramirez filed his present PCR application forty-four months after the conclusion of his third PCR. We conclude this interval cannot be described as prompt. Indeed, even if, for the sake of argument, we could toll Ramirez's PCR action from the time of the *Allison* decision, his application was filed about twelve months after Allison and cannot be described as promptly filed. Accordingly, the district court correctly dismissed Ramirez's current application.

**V. Conclusion**

Ramirez's current PCR application is untimely and the decision of the district court is affirmed.

**AFFIRMED.**

Ahlers, J., concurs; May, P.J, concurs specially.

**MAY, Presiding Judge** (specially concurring).

I am pleased to join the majority's well-written opinion. As the majority properly concludes, Ramirez cannot benefit from *Allison v. State*'s relation-back doctrine because his present PCR application was not "filed promptly after the conclusion of [his] first PCR action." 914 N.W.2d 866, 891 (Iowa 2018). This alone provides ample grounds to affirm.

I write separately to mention another reason to affirm. This court has repeatedly held that "*Allison* only applies to a 'second PCR petition.'" *Dixon v. State*, No. 19-1886, 2021 WL 1907152, at *2 (Iowa Ct. App. May 12, 2021) (quoting *Allison*, 914 N.W.2d at 891) (collecting cases), *further review denied* (July 7, 2021); *see also Goode v. State*, 920 N.W.2d 520, 525 (Iowa 2018) ("In *Allison*, we adopted a relation-back doctrine to the statutory period of limitation under section 822.3 when an applicant alleges in a second PCR proceeding brought outside the three-year time frame that the attorney in the first PCR proceeding was ineffective in presenting the same claim as raised in the second proceeding."). And so we have "repeatedly held *Allison* does not apply to third or subsequent PCR actions." *Harrington v. State*, No. 19-1102, 2021 WL 210976, at *3 (Iowa Ct. App. Jan. 21, 2021) (collecting cases), *further review denied* (Apr. 1, 2021). The present case involves Ramirez's fourth PCR application. So *Allison* does not apply.