# IN THE COURT OF APPEALS OF IOWA

No. 20-1652
Filed March 30, 2022

**LANCE CAPREE BROOKS,**
　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　Respondent-Appellee.
_____

　　Appeal from the Iowa District Court for Black Hawk County, Kellyann M. Lekar, Judge.

　　An applicant appeals the dismissal of his second action for postconviction relief. **AFFIRMED.**

　　Christopher A. Clausen of Clausen Law Office, Ames, for appellant.

　　Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee State.

　　Considered by Tabor, P.J., and Greer and Ahlers, JJ.

**TABOR, Presiding Judge.**

Lance Brooks appeals the dismissal of his second application for postconviction relief (PCR). Brooks admits he filed this application after the three-year statute of limitations under Iowa Code section 822.3 (2020) had expired. But he claims that his action is saved by the relation-back doctrine in *Allison v. State*, 914 N.W.2d 866 (Iowa 2018). Because our legislature amended section 822.3 to abrogate *Allison*, Brooks is left without a lifeline. Thus, we affirm the dismissal of his untimely application.

## I. Facts and Prior Proceedings

A jury convicted Brooks of robbery in the first degree and burglary in the first degree in April 2011. We affirmed Brooks's conviction in his direct appeal. *See State v. Brooks*, No. 11-0639, 2012 WL 3026546, at *2 (Iowa Ct. App. Jul. 25, 2012). The clerk issued procedendo on September 28, 2012. Next, he applied for PCR in November 2012. The district court dismissed that action in July 2017. He appealed the dismissal, and our court affirmed. *See Brooks v. State*, No. 17-1319, 2018 WL 4360920, at *5 (Iowa Ct. App. Sep. 12, 2018). Finally, Brooks filed this second PCR action in September 2020. The district court dismissed the application as untimely in December 2020. Brooks now appeals that dismissal.

## II. Scope and Standards of Review

We ordinarily review PCR rulings for correction of errors at law. *Linn v. State*, 929 N.W.2d 717, 729 (Iowa 2019). That is also the standard we use to review issues of statutory interpretation. *Sahinovic v. State*, 940 N.W.2d 357, 359 (Iowa 2020). But when the allegation is ineffective assistance of PCR counsel, we review de novo. *Goode v. State*, 920 N.W.2d 520, 523 (Iowa 2018).

### III. Analysis

The statute of limitations for Brooks to seek PCR expired October 1, 2015—three years after procedendo issued following his direct appeal. *See* Iowa Code § 822.3. His first PCR was timely, but unsuccessful. He applied for PCR again, but waited twenty-two months after we affirmed the denial of his first action and procedendo issued.

Brooks argues his second PCR action falls under the relation-back doctrine in *Allison*. *Allison* held that a second PCR action alleging ineffective assistance of counsel could relate back if it was "filed promptly" after the conclusion of the first PCR action, effectively extending the statute of limitations. 914 N.W.2d at 891. Brooks contends the district court erred in deciding that a delay of twenty-two months was "not a prompt filing."

The State disputes that prompt-filing contention, but not before taking a bigger swing at *Allison*. The State urges that in passing the Omnibus Crime Bill in 2019, the Iowa General Assembly "entirely abrogated" *Allison*, rendering the "promptly filed" analysis unnecessary.[1] That enactment amended section 822.3 to add: "An allegation of ineffective assistance of counsel in a prior case under this chapter shall not toll or extend the limitation periods in this section nor shall such claim relate back to a prior filing to avoid the application of the limitation periods." 2019 Iowa Acts ch. 140, § 34. The amendment took effect on July 1, 2019, before

---

[1] The State also advanced this argument in the district court. Brooks responded that the amendments to section 822.3 did not completely abrogate *Allison*. The district court did not address the abrogation argument in its ruling. But we may affirm a ruling on an alternative ground as long as it was urged in the district court. *State ex rel. Dickey v. Besler*, 954 N.W.2d 425, 432 (Iowa 2021).

Brooks filed his second PCR application. *See* Iowa Const. art. 3, § 26 (providing effective date of laws).

We agree that this legislation abolished the relation-back doctrine for ineffective-assistance claims in second PCR proceedings. Our court has repeatedly noted that the amendment to section 822.3 "appears to abrogate *Allison*." *See, e.g.*, *Johnson v. State*, No. 19-1949, 2021 WL 210700, at *3 (Iowa Ct. App. Jan. 21, 2021) (collecting cases); *accord Goode v. State*, No. 20-0282, 2021 WL 4889249, at *4 (Iowa Ct. App. Oct. 20, 2021). Today we are definitive: the amendment invalidated *Allison* as applied to Brooks's belated PCR application.

The amended version of section 822.3 was in effect when Brooks filed his second PCR action. So Brooks cannot benefit from the *Allison* holding. *See Stone v. State*, No. 20-1056, 2021 WL 3395045, at *2 (Iowa Ct. App. Aug. 4, 2021). His second PCR action fell outside the three-year statute of limitations in section 822.3. Because Brooks's second PCR action was time barred, we affirm its dismissal.

**AFFIRMED.**