# IN THE COURT OF APPEALS OF IOWA

No. 20-1656
Filed December 7, 2022

**MATTHEW GUY CLARKE,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

     Appeal from the Iowa District Court for Warren County, Randy V. Hefner,

Judge.

     Matthew Clarke appeals the dismissal of his second application for

postconviction relief.  **AFFIRMED.**

     William C.P. Westfall, Des Moines, for appellant.

     Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney

General, for appellee State.

     Considered by Vaitheswaran, P.J., Ahlers, J., and Danilson, S.J.*

     *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2022).

**DANILSON, Senior Judge.**

Matthew Clarke appeals the dismissal of his second application for postconviction relief (PCR). Upon our review, we affirm.

In 1992, Clarke was charged with attempted murder "for allegedly firing a shot at his father." *Clarke v. State*, No. 93-1915, 1994 WL 900529 (Iowa Ct. App. Nov. 28, 1994). Pursuant to a plea agreement, Clarke pled guilty to assault with a dangerous weapon. At the plea hearing, Clarke admitted he had "an argument or confrontation" with his father, during which he intentionally "pointed [a] gun at [his father]." *See* Iowa Code §§ 708.1(3), 708.2(3) (1992). The supreme court denied Clarke's application for delayed appeal.

Clarke filed his first PCR application in 1993, raising claims of ineffective assistance of trial counsel and prosecutorial misconduct.[1] Following a hearing, the district court denied Clarke's application. This court affirmed the district court's ruling on appeal, and the supreme court denied further review.

Clarke filed his second PCR application in 2019, which is the subject of this appeal. Clarke alleged essentially the same claims of ineffective assistance of trial counsel he raised in his first PCR application, argued his first PCR counsel was ineffective in adequately raising his claims, contended his first court-appointed attorney in his underlying criminal case was ineffective, and raised a claim of actual

---

[1] Specifically, Clarke challenged his attorney's failure to explain the collateral consequence of his guilty plea that he could no longer own a firearm, his attorney's questions during the deposition of Clarke's father, his attorney's establishing a "screwy deal" for him, and he argued his plea was "made under duress." Clarke further alleged the county attorney "lied" by charging him with attempted murder and challenged the county attorney's failure to prosecute his father for a prior crime, claiming if his father would have been in prison then he would not have been with Clarke on the day of the incident precipitating Clarke's charge.

innocence relating to the factual basis for his plea because "he was acting in self-defense." The State filed a motion to dismiss Clarke's application pursuant to Iowa Code section 822.3 (2019). Clarke resisted the motion, arguing although his "claims are indisputably outside of the three-year statute of limitations, they relate back to his original postconviction relief doctrine under the rule announced in *Allison v. State*, 914 N.W.2d 866 (Iowa 2018)." The PCR court denied the State's motion, noting, "This court has no guidance regarding how many days, weeks, or months, are included in the word 'promptly,' as it is used as a limiter in *Allison*."[2]

Over the ensuing year, the parties pursued discovery and briefed the *Allison* relation-back doctrine. At hearing in October 2020, Clarke articulated his claims that his guilty plea was invalid because he had "the right to defend property," he did not know he "couldn't own a firearm" if he pled guilty, he "was never told [he] could have a direct appeal," and he had "never had an effective attorney." Clarke acknowledged, however, "there's nothing missing from my file that could not be raised now that wasn't then." Thereafter, the PCR court issued a ruling denying Clarke's application as untimely, noting in part, "Clarke took no action to pursue his postconviction remedies for more than twenty-four years after the dismissal of the first PCR petition was affirmed by the court of appeals" and Clarke "does not allege the discovery of any new facts" to support his claim of actual innocence other than those "known to him at the time he pled guilty."

Clarke appeals, contending, "The problem presented in this case, is that original PCR counsel was so ineffective that Clarke has never received the PCR

---

[2] That ruling was issued in July 2019.

relief that he is entitled to." But "*Allison* only applies when a PCR application alleging ineffective assistance of trial counsel is timely filed and a successive application alleging ineffective assistance of first PCR counsel is promptly filed after the original action." *Greenup v. State*, 966 N.W.2d 292, 296 (Iowa Ct. App. 2021). Clarke's second application was filed more than twenty years after the original action; it was not "promptly filed." *See, e.g.*, *Velazquez-Ramirez v. State*, 973 N.W.2d 598, 601 (Iowa Ct. App. 2022) ("[W]e have repeatedly concluded that 'delays [of] one year or more' are not sufficiently 'prompt.'" (second alteration in original) (citation omitted)); *see also Johnson v. State*, No. 19-1949, 2021 WL 210700, at *2 (Iowa Ct. App. Jan. 21, 2021) (collecting cases on the meaning of "filed promptly"); *Maddox v. State*, No. 19-1916, 2020 WL 5230367, at *2–3 (Iowa Ct. App. Sept. 2, 2020) (same). And contrary to the urgings of Clarke, the prompt filing requirement in *Allison* pertains to the conclusion of the original PCR, not the filing date of the *Allison* decision. *See* 914 N.W.2d at 891.

"Generally, an appeal from a denial of an application for [PCR] is reviewed for correction of errors at law." *Goode v. State*, 920 N.W.2d 520, 523 (Iowa 2018) (citation omitted). However, when an applicant alleges constitutional error, including claims of ineffective assistance of counsel, our review is de novo. *Sothman v. State*, 967 N.W.2d 512, 522 (Iowa 2021). Upon our de novo review, we affirm the PCR court's conclusion that Clarke's application did not satisfy *Allison*'s limited exception to the section 822.3 time bar.[3] Moreover, there is no

---

[3] Because we reject Clarke's *Allison* claims, we need not address whether the amendment to section 822.3 abrogating *Allison*, which took effect on July 1, 2019, applies retroactively to Clarke's PCR application filed in March 2019. *See Demery*

new claim of actual innocence here. We affirm the court's denial of Clarke's second PCR application.

**AFFIRMED.**

---

*v. State*, No. 19-1456, 2020 1887955, at *2 n.2 (Iowa Ct. App. Apr. 15, 2020); *see also, e.g.*, *Brooks v. State*, 975 N.W.2d 444, 446 (Iowa Ct. App. Mar. 30, 2022).