# IN THE COURT OF APPEALS OF IOWA

No. 22-1596
Filed August 30, 2023

**JONATHAN ANTIONE BROWN,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Heather L. Lauber,

Judge.


Jonathan Brown appeals the summary dismissal of his second

postconviction relief application as untimely.  **AFFIRMED.**



Agnes Warutere of Warutere Law Firm P.L.L.C., Ankeny, for appellant.

Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney

General, for appellee State.


Considered by Schumacher, P.J., Buller, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2023).

**SCOTT, Senior Judge.**

Jonathan Brown appeals the summary dismissal of his second postconviction relief application (PCR) as untimely. We review PCR rulings for correction of legal error. *Brooks v. State*, 975 N.W.2d 444, 445 (Iowa Ct. App. 2022).

The facts relevant for purposes of this appeal are that in 2016 a jury found Brown guilty of second-degree murder in the stabbing death of Timothy Washington. We affirmed his conviction on direct appeal. *See State v. Brown*, No. 16-1021, 2017 WL 3065148, at *2 (Iowa Ct. App. July 19, 2017). Further review was denied, and procedendo issued on September 18, 2017. Iowa Code section 822.3 (2022) generally requires postconviction applications to "be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued."

Brown's first PCR application, filed in April 2018, was denied after a hearing in February 2022. Brown appealed on March 11, 2022, claiming trial and PCR counsel were ineffective. *Brown v. State*, No. 22-0459, 2023 WL 3335384, at *1 (Iowa Ct. App. May 10, 2023). In our decision affirming the denial of his first PCR application, we addressed the dilemma Brown faced in trying to now raise a claim of ineffective assistance of postconviction counsel. His request for a remand was not an option pursuant to *Goode v. State*, 920 N.W.2d 520, 527 (Iowa 2018) ("[W]e decline to remand claims of ineffective assistance of postconviction counsel raised for the first time on appeal to the district court to hear and decide. Instead, the claims must be filed as a separate application in district court."). And "Brown's

claims are 'too general in nature' to allow us to preserve them for a second PCR proceeding." *Brown*, 2023 WL 3335384, at *4.

This second PCR application was filed on April 25, 2022—while his first PCR action was still on appeal. The district court dismissed the application as time-barred. On appeal, Brown seeks to avoid the three-year time bar of Iowa Code section 822.3 by citing *Allison v. State*, 914 N.W.2d 866, 891 (Iowa 2018), where the supreme court adopted a very narrow exception to the statutory provision. But *Allison* was promptly abrogated by the legislature effective July 1, 2019. 2019 Iowa Acts ch. 140, § 34 (codified at Iowa Code § 822.3). So, *Allison* provides no avenue for relief for Brown, and the district court did not err in dismissing his untimely-filed postconviction application. *See Sandoval v. State*, 975 N.W.2d 434, 437 (Iowa 2022) (recognizing "*Allison* was abrogated by the amendment to section 822.3, effective July 1, 2019" and finding Sandoval, who filed his PCR application on July 8, could not rely on *Allison*, and his PCR application "was barred by the statute of limitations"). We affirm.

**AFFIRMED.**