# IN THE COURT OF APPEALS OF IOWA

No. 23-0139
Filed June 5, 2024

**SEAN MICHAEL FREESE,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

    Appeal from the Iowa District Court for Scott County, Henry W. Latham II,
Judge.

    Sean Freese appeals the denial of his application for postconviction relief.
**AFFIRMED.**

    Agnes G. Warutere of Warutere Law Firm, P.L.L.C., Ankeny, for appellant.

    Brenna Bird, Attorney General, and Anagha Dixit, Assistant Attorney
General, for appellee State.

    Considered by Greer, P.J., Buller, J., and Doyle, S.J.*

    *Senior judge assigned by order pursuant to Iowa Code section 602.9206
(2024).

**DOYLE, Senior Judge.**

Sean Freese appeals the denial of his application for postconviction relief (PCR) after a jury found him guilty on two counts of first-degree murder for killing his parents in 2016.[1] Freese contends he received ineffective assistance from his trial and PCR counsel. On our de novo review, we must determine whether Freese has shown: (1) that counsel failed to perform an essential duty and (2) this failure caused prejudice. *See Sothman v. State*, 967 N.W.2d 512, 522 (Iowa 2021). Because Freese failed to show his trial counsel were ineffective and the record is not adequate for us to determine whether PCR counsel was ineffective, we affirm.

Freese applied for PCR, claiming his trial attorneys were ineffective in pursuing and developing a claim of diminished responsibility. After a trial, the PCR court rejected this claim, noting that Freese's attorneys retained the services of Dr. Kirk Witherspoon, "a clinical psychologist who is well-respected by the defense bar in criminal cases." Dr. Witherspoon evaluated Freese, determined Freese was competent to stand trial, and gave his professional opinion that Freese was "faking" insanity. At the PCR hearing, Freese's trial attorneys testified that based on Dr. Witherspoon's opinion, they feared the jury would view Freese as a liar if they presented an insanity or diminished responsibility defense.

**I. Ineffective Assistance of Trial Counsel.**

On appeal, Freese claims his trial attorneys rendered ineffective assistance by relying on Dr. Witherspoon's psychological evaluation and not pursuing a diminished capacity defense. In the evaluation, Dr. Witherspoon recommends that

---

[1] We affirmed his convictions on direct appeal. *State v. Freese*, No. 17-1888, 2018 WL 6120247, at *4 (Iowa Ct. App. Nov. 21, 2018).

Freese "be regarded as competent for trial" because he "does not appear to lack factual and rational understanding of courtroom participants and procedures, understanding of case events, or skills to assist defense counsel." Freese argues that counsel breached a duty by relying on Dr. Witherspoon's opinion in deciding not to pursue a diminished responsibility defense because the standard for competency to stand trial is "radically different from the elements of diminished responsibility and/or insanity."

Freese has not shown his trial attorneys were ineffective by not pursuing a diminished responsibility defense. In a letter to Freese's trial counsel, Dr. Witherspoon gives his opinion on the suitability of a diminished responsibility defense:

> Such could not be profitably undertaken in view of your client's false representations. There was no basis to question sanity and the facts of the crime, as compiled in investigative evidence (your client would not enlighten further) seemed to also rule out diminished responsibility. His having told a friend in an "overhear[d]" conversation shortly after he was arrested that he "just snapped" did not comport with the fact that he apparently shot his parents more than two hours after a "text argument" with his mother. A video recording of his retrieving a gun case from the trunk of his car, presumably containing the murder weapon, revealed planfulness to his actions as well. Such was corroborated by his later telling his friend over the telephone of his "plan" to first murder his parents and then commit suicide.

Dr. Witherspoon's letter illustrates the obstacles that the defense would need to overcome in pursuing a diminished responsibility defense. Trial counsel made a reasonable strategic decision not to pursue the defense after determining they could not overcome them. *See Lamasters v. State*, 821 N.W.2d 856, 866 (Iowa 2012) ("Improvident trial strategy, miscalculated tactics or mistakes in judgment do not necessarily amount to ineffective counsel. When counsel makes a reasonable

tactical decision, this court will not engage in second-guessing. Selection of the primary theory or theories of defense is a tactical matter." (cleaned up)).

## II. Ineffective Assistance of PCR Counsel.

The PCR court also found that Freese did not show by a preponderance of the evidence that trial counsel was ineffective by failing to explore the effect of his past mental-health treatment and marijuana use on his competency and obtain a second expert opinion.

> Mr. Freese offered no evidence to support there would be any other findings by any other clinicians that would state he had diminished responsibility at the time of the offense or at the time of trial. Additionally, Mr. Freese offered no evidence of any medical provider or clinician to indicate his past mental health history would support any finding of diminished responsibility.
>     Furthermore, Mr. Freese testified his level of marijuana use was no greater than any past use he had engaged in with that substance, so there would be no ability to make any argument there was diminished responsibility for being under the influence of marijuana at the time of the offense.
>     All of Mr. Freese's allegations of ineffective assistance for failing to seek a second opinion, pursue arguments based on his past mental health and being under the influence of marijuana to support a diminished responsibility defense is pure speculation.

For the first time on appeal, Freese argues that his PCR counsel was ineffective by failing to present evidence in support of these claims.

"As a general rule, we do not address issues presented on appeal for the first time, and we do not remand cases to the district court for evidence on issues not raised and decided by the district court." *Goode v. State*, 920 N.W.2d 520, 526 (Iowa 2018). Although the supreme court has recognized an exception for claims of ineffective assistance raised for the first time on appeal, we decide those claims only when the record is adequate. *See id.* The record is no more developed on appeal than it was when the PCR court characterized Freese's claims as "pure

speculation." Is the lack of evidence supporting Freese's claims a result of some failure by PCR counsel? Or is it because no such evidence exists? Because the record provides no answers, we affirm.

**AFFIRMED.**