# IN THE COURT OF APPEALS OF IOWA

No. 23-2015
Filed February 19, 2025

**JUSTIN LEE MAYO,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Scott County, Jeffrey D. Bert, Judge.

Justin Mayo appeals the denial of his application for postconviction relief from his conviction for second-degree theft. **AFFIRMED.**

John J. Bishop, Cedar Rapids, for appellant.

Brenna Bird, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee State.

Considered by Schumacher, P.J., and Badding and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Justin Mayo appeals the denial of his application for postconviction relief (PCR) from his conviction for second-degree theft.  He alleges his trial counsel was ineffective by allowing him to plead guilty without a factual basis, which is different from the claim that he raised before the PCR court.  Because he did not preserve error on the claim raised on appeal, we affirm the denial of his PCR application.

In 2021, Mayo pled guilty to stealing two catalytic converters valued at more than $1500 and less than $10,000.  He filed this PCR application in 2023, claiming actual innocence.  He also claimed his trial counsel was ineffective by allowing him to plead guilty without a factual basis.  At the PCR trial, Mayo's attorney clarified that his ineffective-assistance-of-counsel claim was tied to his claim of actual innocence because trial counsel allowed "Mayo to plead guilty when he was actually innocent."  The PCR court denied his application, finding that the record did not show actual innocence and thus his trial counsel did not render ineffective assistance by allowing him to plead guilty.

On appeal, Mayo contends his trial counsel was ineffective by allowing him to plead guilty without a factual basis.  He argues that the record before the trial court did not show the value of the catalytic converters was sufficient to support a conviction for second-degree theft.  This is not the claim that Mayo argued before the PCR court.  Because Mayo did not preserve error, we will not consider the merits of his argument for the first time on appeal.  *See Sandoval v. State*, 975 N.W.2d 434, 438 (Iowa 2022); *Goode v. State*, 920 N.W.2d 520, 526 (Iowa 2018) ("As a general rule, we do not address issues presented on appeal for the first

time . . . ."); *Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." (quoting *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002))).

**AFFIRMED.**