# IN THE COURT OF APPEALS OF IOWA

No. 24-1624
Filed November 13, 2025

**ROBERT DANIEL CHURCH,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Marion County, Terry Rickers,
Judge.


        Robert Church appeals the order denying his application for postconviction
relief. **AFFIRMED.**


        Austin Jungblut of Parrish Kruidenier, L.L.P., Des Moines, for appellant.

        Brenna Bird, Attorney General, and Timothy M. Hau, Assistant Attorney
General, for appellee.


        Considered without oral argument by Greer, P.J., and Badding and
Chicchelly, JJ.

**CHICCHELLY, Judge.**

Robert Church appeals the order denying his application for postconviction relief (PCR) after pleading guilty to assault with intent to commit sexual abuse. He contends he received ineffective assistance of counsel because he was misinformed about the sex offender registration requirement. Because Church failed to show he would not have pled guilty and would have insisted on going to trial if he had been informed of the lifetime requirement to register with the sex offender registry, we affirm.

**I. Background Facts and Proceedings.**

Two people witnessed Church propositioning a woman and groping her over her clothing during a social gathering in October 2016. After repeated demands to stop, Church not only persisted with his behavior but escalated it by thrusting his hand down the woman's pants and threatening to kill her if she did not comply with his demands for sex. The others forcibly removed Church from the gathering and reported the events to law enforcement.

The State charged Church with six crimes, including third-degree sexual abuse. Church agreed to plead guilty to assault with intent to commit sexual abuse and three other charges, which decreased the maximum sentence from over ten years of incarceration to two, and the State agreed to recommend suspended sentences. Church signed a written guilty plea stating that the State would recommend he register with the sex offender registry for ten years.

The district court accepted Church's pleas, suspended his sentences, and placed him on probation. But Church's conviction for assault with intent to commit sexual abuse requires lifetime registration on the sex offender registry under Iowa

Code section 692.106(5) (2016). So, Church applied for PCR in 2018, claiming in part that his trial counsel provided ineffective assistance by failing to inform him of the lifetime registration requirement.

The PCR court denied Church's application. It agreed that Church's counsel breached an essential duty by failing to inform him of the collateral consequences of his plea. *See Buckley v. State*, No. 18-0278, 2018 WL 5839882, at *3 (Iowa Ct. App. Nov. 7, 2018) ("Accepting . . . that the sex offender registration requirement is a collateral consequence of the plea, the misinformation about the consequence amounted to the breach of an essential duty."). But the PCR court determined that Church failed to show prejudice because his claim that he would have rejected the plea offer if he had been informed of the lifetime sex offender registration requirement was "dubious" and his testimony at the PCR trial "appeared contrived." In contrast to Church's "self-serving denials," the PCR court noted that the State had a "strong case" against Church for third-degree sexual abuse with two witnesses independently corroborating the victim's testimony.

**II. Scope and Standard of Review.**

We generally review denials of PCR for correction of errors at law. *See Linn v. State*, 929 N.W.2d 717, 729 (Iowa 2019). But when PCR is based on claims of ineffective assistance of counsel, our review is de novo. *See Goode v. State*, 920 N.W.2d 520, 523–24 (Iowa 2018). "[W]e give weight to the lower court's findings concerning witness credibility." *Trane v. State*, 16 N.W.3d 683, 692 (Iowa 2025) (citation omitted).

### III. Ineffective Assistance.

Church contends the PCR court erred by denying his application because his trial counsel rendered ineffective assistance by failing to tell him that his guilty plea would result in a lifetime requirement to register as a sex offender. To prove ineffective assistance of counsel, Church must show: (1) his counsel failed to perform an essential duty and (2) such failure prejudiced him. *See State v. Majors*, 940 N.W.2d 372, 391 (Iowa 2020). Because the PCR court correctly determined that counsel's failure to inform Church of the lifetime registration requirement was a breach of an essential duty, *see Buckley*, 2018 WL 5839882, at *3, the only question is whether Church showed he was prejudiced by that failure. "To satisfy the prejudice requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Doss v. State*, 961 N.W.2d 701, 709 (Iowa 2021).

Church was the only witness to testify at the PCR trial. Church claimed that if he had known of the lifetime registration requirement, he would have refused to plead guilty and insisted on going to trial. Based on the strength of the State's evidence and the absence of credible evidence refuting it, a trial would have almost certainly resulted in a conviction for third-degree sexual abuse. Church's claim that he would have refused to plead guilty to a lesser offense and suspended sentence to instead face a felony conviction and ten-year sentence is not credible. In two other cases, this court has rejected similar claims on nearly identical facts. *Buckley*, 2018 WL 5839882, at *3 (finding applicant's claim that he would have

gone to trial if he had known of the lifetime registration requirement "disingenuous at best" given the "overwhelming" evidence of guilt described in the minutes of testimony); *see also Szuminski v. State*, No. 20-1698, 2022 WL 610445, at *2–3 (Iowa Ct. App. Mar. 2, 2022) (holding that the applicant's testimony that he would not have pled guilty and would have insisted on going to trial if he had known of the lifetime registration requirement was "self-serving" where the applicant was facing a felony charge of third-degree sexual abuse and pled guilty to assault with intent to commit sexual abuse that guaranteed he would not be incarcerated at the time of sentencing). With no other evidence supporting his testimony, Church's ineffective-assistance claim fails on the prejudice prong. We therefore affirm the denial of his PCR application.

**AFFIRMED.**