# IN THE COURT OF APPEALS OF IOWA

---

No. 24-1814
Filed January 7, 2026

---

**Jason James Halsband,**
Applicant–Appellant,

v.

**State of Iowa,**
Defendant–Appellee.

---

Appeal from the Iowa District Court for Dallas County,
The Honorable Michael Jacobsen, Judge.

---

**AFFIRMED.**

---

John C. Heinicke of Kragnes & Associates, P.C., Des Moines, attorney for appellant.

Brenna Bird, Attorney General, and Nicholas E. Siefert, Assistant Attorney General, attorneys for appellee.

---

Considered without oral argument
by Tabor, C.J., Sandy, J., and Vogel, S.J.
Opinion by Sandy, J.

**SANDY, Judge.**

Jason Halsband appeals the district court's denial of his application for postconviction relief (PCR), arguing that trial counsel provided ineffective assistance by failing to warn him that he would be required to complete a sexual offender treatment program (SOTP) while incarcerated for him to be released on parole on unrelated charges. Since he pled guilty to a crime that required SOTP completion, his parole on those unrelated charges has been delayed. Halsband posits that if he had not pled guilty there is a high probability that he would have been paroled out of prison on his other sentences. Because the district court properly denied Halsband's application for PCR, we affirm.

## BACKGROUND FACTS AND PROCEEDINGS

In October 2020, Halsband placed a hidden camera in a grocery store restroom, admitting in his later guilty plea he "did knowingly film another person, for the purpose of arousing or gratifying [his] sexual desire and the other person did not have knowledge of being filmed when the person had a reasonable expectation of privacy while in a state of full or partial nudity." He was charged with two counts of invasion of privacy—nudity and pleaded guilty to one of those counts. Under the terms of that plea, Halsband was to be sentenced to sixty days in jail with full credit for time served, would be required to register as a sex offender, and would also be required to complete SOTP, which could be completed "out of custody." The district court adopted those terms in its sentencing order, stating "[Halsband] shall complete the [SOTP] as a term of this sentence. SOTP can be completed out of custody." At the time of his plea, Halsband was incarcerated on charges unrelated to this case.

During PCR proceedings, Halsband testified that he requested the specific SOTP terms because he wanted to ensure that SOTP requirements in this case would not prevent his release on parole for his other pre-existing sentences in the unrelated case.

However, even with the "out-of-custody" caveat, the SOTP requirement in this case caused the parole board to deny Halsband's parole release on the other charges. Following that denial, Halsband applied for PCR in this case. Following the PCR hearing, the district court found that

> [trial counsel] testified that he informed [Halsband] that while [trial counsel] could persuade the county attorney to agree to allow for sex offender treatment while [Halsband] was out of custody[,] he "cannot promise you that that's going to be how it goes." The language used in the [s]entencing [o]rder was agreed on based on [trial counsel]'s knowledge that there are programs in the community for [Halsband] to be able to complete sex offender treatment out in the community and to at least give [Halsband] an option to possibly complete sex offender treatment while in the community.

The district court denied that application, and Halsband now appeals.

## STANDARD OF REVIEW

We generally review denials of PCR applications for errors of law. *Goode v. State*, 920 N.W.2d 520, 523 (Iowa 2018). When the PCR applicant raises a constitutional claim, such as ineffective assistance of counsel, our review of that claim is de novo. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001).

## DISCUSSION

An applicant "must demonstrate his plea counsel 'failed to perform an essential duty' that resulted in prejudice" to succeed on a claim of ineffective assistance of counsel. *Doss v. State*, 961 N.W.2d 701, 709 (Iowa 2021).

"Counsel breaches an essential duty when counsel makes such serious errors that counsel is not functioning as the advocate the Sixth Amendment guarantees." *Id.* (citation omitted). Trial counsel must have performed below the standard of "a reasonably competent attorney." *Ledezma*, 626 N.W.2d at 142. "[T]o satisfy the prejudice requirement, the [applicant] must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial." *Doss*, 961 N.W.2d at 709 (citation omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* (citation omitted).

Before the defendant enters his or her guilty plea, the district court and trial counsel must ensure the defendant understands the plea's direct consequences. *State v. Carney*, 584 N.W.2d 907, 908 (Iowa 1998). Yet the defendant need not be informed of "all indirect and collateral consequences of a guilty plea." *Id.* Information relating to the circumstances of SOTP completion are collateral consequences of a guilty plea. *Sothman v. State*, 967 N.W.2d 512, 523–24 (Iowa 2021); *Smith v. State*, No. 08-0362, 2008 WL 5235548, at *3 (Iowa Ct. App. Dec. 17, 2008). Nonetheless, if counsel does advise the defendant of the collateral consequences of his plea, such advice must be accurate. *Sothman*, 967 N.W.2d at 523 ("Even though a criminal defendant need not be informed of all indirect and collateral consequences of his or her plea, that does not leave a court, or an attorney, free to misinform a defendant regarding collateral consequences of his or her plea." (cleaned up)).

Halsband admits that his trial attorney did not have a duty to inform him of SOTP requirements,[1] and instead argues trial counsel's "advice about

---

[1] Halsband urges us to depart from supreme court precedent by ignoring the direct or indirect consequences of his guilty plea and instead focusing on "a functional, fact-

how the impact of a guilty plea . . . would affect his parole eligibility [was] clearly wrong." Yet at no point in his brief does Halsband describe any incorrect advice provided by his trial counsel. He concedes that "the language in the sentencing order that Halsband would 'Comply with SOTP which can be completed out of custody' was language that was added at Halsband's insistence" and that his trial attorney testified that he "refuse[d] to do absolutes or promises as to what will actually happen." Halsband further admits trial counsel "was attempting to give Halsband an opportunity to complete SOTP out of custody, but [he] was not making any promises."

Our court has consistently declined to entertain the argument that counsel's failure to explain the parole board's SOTP-completion policy is ineffective assistance. *See Akok v. State*, No. 23-0541, 2024 WL 1756592, at *3 (Iowa Ct. App. Apr. 24, 2024) ("[The applicant] claims his counsel 'should have advised him of the impact of having to complete [SOTP] prior to release and that requirement usually delayed release until nearly the point of discharging the sentence.' . . . 'Parole eligibility is a collateral consequence of a plea. So too is the [parole board]'s exercise of its discretion whether to grant parole.'" (citation omitted)); *Sand v. State*, No. 22-0523, 2023 WL 3612370, at *2–3 (Iowa Ct. App. May 24, 2023) ("[The applicant]'s plea counsel had

---

intensive exploration of the importance of the consequences" as applied to him. *See Doss*, 961 N.W.2d at 729 (Appel, J., specially concurring). "We are not at liberty to overrule controlling supreme court precedent." *State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014). Yet even if we adopted this alternative rule, Halsband has failed to show prejudice. His Iowa Department of Corrections (DOC) case manager testified that even if Halsband had waited to plead guilty in this case until he was eligible for parole on the other charges, his outstanding detainer for his charges in this case would likely have prevented the parole board from granting him parole.

no duty to warn that the DOC could require him to participate in SOTP and delay his parole eligibility.").

We affirm the district court's order denying Halsband's application for PCR.

**AFFIRMED.**